Filed 3/13/15  P. v. Stevens CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075189 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM039091, CM039196, CM039207) |
| v. | |
| DONALD LAROY STEVENS, | |
| Defendant and Appellant. | |

Sentenced to state prison pursuant to a plea agreement in three cases, defendant Donald Laroy Stevens contends (1) this court should strike the fines imposed by the trial court under Penal Code section 672[1] because they were not mandatory and were not provided for by the plea agreement; (2) those fines should also be stricken because other

---

[1] Undesignated statutory references are to the Penal Code.  Section 672 provides:  "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

fines are prescribed by statute for the offenses on which the section 672 fines were imposed; (3) although defendant's aggregate term (a principal term plus two consecutive subordinate terms) was correct, the trial court arrived at it erroneously by improperly imposing the full aggravated subordinate middle term and then staying it in part; and (4) the minute order and abstract of judgment must be amended to reflect the fines and fees accurately.

We conclude defendant forfeited the issue of the fines imposed by his failure to object in the trial court. We affirm the judgment but direct the trial court to prepare an amended abstract of judgment that sets forth the correct bases for the fines imposed.

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. CM039091

A felony complaint filed July 9, 2013, charged defendant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and alleged he had served four prior prison terms (Pen. Code, § 667.5, subd. (b)).

### Case No. CM039196

A felony complaint filed August 13, 2013, charged defendant with unlawful possession of ammunition (§ 30305, subd. (a)(1)). It alleged defendant committed the offense while released from custody in case No. CM039091 (§ 12022.1) and had served five prior prison terms (§ 667.5, subd. (b)).

### Case No. CM039207

A felony complaint filed August 21, 2013, charged defendant with failure to appear (§ 1320, subd. (b)), and alleged that defendant was released from custody on bail or on his own recognizance in case No. CM039091 (§ 12022.1).

2

*The Plea Agreement*

On September 19, 2013, defendant pleaded no contest to the felonies charged in each of the three cases, in return for the People's promise to dismiss all remaining allegations (§§ 12022.1 & 667.5, subd. (b) priors) and pending cases.[2] The written plea agreement states that the maximum possible sentence is four years four months in "State/County Prison" and a $27,000 fine, exclusive of victim restitution and/or restitution fines. At the plea hearing, the trial court stated, "And there's a possible fine of $27,000 for each case." The trial court did not explain how this amount was calculated.

The prosecutor recited the factual basis for the pleas as follows: "Starting with [case No. CM0]39091, on July 1st, 2013, within the jurisdiction of Butte County, the defendant was in possession of a useable amount of methamphetamine. [Case No. CM0]39196, on July 26th, 2013, during the contact with sheriff's deputies, the defendant was found in possession of three live .22-caliber rounds. Because of the defendant's prior felony convictions, he is prohibited from possessing, owning, [or] having any ammunition or firearms. [¶] . . . [¶] And in [case No.] CM039207, on August 8th, this defendant was supposed to be in the Butte County Superior Court. He had been released from custody on the other two cases, and he failed to appear. Although, he'[d] been personally ordered to appear on that date."

The trial court accepted defendant's plea, released defendant on his own recognizance, and referred the matter to Proposition 36 drug court for sentencing.

On October 1, 2013, after defendant had failed to appear in Proposition 36 court for sentencing, he was remanded to custody. The trial court ordered a presentence report.

---

[2] At the plea hearing, the trial court dismissed two open misdemeanor counts from case No. SCR89415 (as to which the record contains no further information) and revoked defendant's probation in that case based on defendant's plea to the three new felonies. The court granted the People's motion to dismiss case No. SCR91980 (also not described in the record) in its entirety.

*The Probation Report*

The probation report recommended a sentence consisting of three years, the upper term for possession of methamphetamine in case No. CM039091, plus eight months (one-third the middle term) for possession of ammunition in case No. CM039196, and an additional eight months (one-third the middle term) for the failure to appear in case No. CM039207.

The probation report recommended the following fees and fines:

Case No. CM039091:

- $840 as a restitution fine, with a suspended parole revocation restitution fine in the same amount (§§ 1202.4, subd. (b)(1), 1202.45);

- An aggregate fine of $195, consisting of: a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)); a $10 court surcharge (Pen. Code, § 1465.7, subd. (a)); a $25 state court facilities construction fund fee (Gov. Code, § 70372); a $50 state penalty assessment (Pen. Code, § 1464); a $35 county penalty assessment (Gov. Code, § 76000); a $5 DNA identification fund fee (Gov. Code, § 76104.6); and a $20 DNA identification fund fee (Gov. Code, § 76104.7);

- An aggregate fine of $585, consisting of: a $150 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)); a $30 court surcharge (Pen. Code, § 1465.7, subd. (a)); a $75 state court facilities construction fund fee (Gov. Code, § 70372); a $150 state penalty assessment (Pen. Code, § 1464); a $105 county penalty assessment (Gov. Code, § 76000); a $15 DNA identification fund fee (Gov. Code, § 76104.6); and a $60 DNA identification fee (Gov. Code, § 76104.7);

- A $40 court operations assessment (§ 1465.8); and

- A $30 conviction assessment fee. (Gov. Code, § 70373.)

Case No. CM039196:

- A $280 restitution fine, with suspended parole revocation restitution fine in the same amount (§§ 1202.4, subd. (b)(1), 1202.45); and

- An aggregate fine of $850, consisting of: a $200 fine in each case (§ 672); a $40 court surcharge (§ 1465.7); a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)); a $200 state penalty assessment (Pen. Code, § 1464); a $20 DNA identification fund fee (Gov. Code, § 76104.6); an $80 DNA identification fund fee (Gov. Code, § 76104.7); a $140 county penalty assessment (Gov. Code, § 76000); a $40 court operations assessment (Pen. Code, § 1465.8); and a $30 conviction assessment fee (Gov. Code, § 70373).

Case No. CM039207:

- A $280 restitution fine, with suspended parole revocation restitution fine in the same amount (§§ 1202.4, subd. (b)(1), 1202.45); and

- An aggregate fine of $850, consisting of: a $200 fine in each case (§ 672); a $40 court surcharge (§ 1465.7); a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)); a $200 state penalty assessment (Pen. Code, § 1464); a $20 DNA identification fund fee (Gov. Code, § 76104.6); an $80 DNA identification fund fee (Gov. Code, § 76104.7); a $140 county penalty assessment (Gov. Code, § 76000); a $40 court operations assessment (Pen. Code, § 1465.8); and a $30 conviction assessment fee (Gov. Code, § 70373).

And, finally, the probation report recommended defendant pay a $736 presentence investigation report fee. (§ 1203.1b.)

***The Trial Court's Sentencing Statement***

The trial court imposed an aggregate state prison term of four years four months. The court calculated the sentence by (1) designating the term for possession of ammunition (case No. CM039196) as the principal term and imposing a sentence of three

5

years (the upper term); (2) designating the terms for possession of methamphetamine (case No. CM039091) and failure to appear (case No. CM039207) as the subordinate terms; (3) imposing the three-year upper term as to the subordinate terms; then (4) staying all but one-third the middle term (eight months) on each of the subordinate terms and running those terms consecutive to the principal term.

As for fines and fees, the trial court followed the probation report's recommendations, except that it reduced the restitution fine and the suspended parole revocation restitution fine in case No. CM039091 from $840 to $280. As to the section 672 fines recommended in the report, the court stated: "Pay a fine under Penal Code Section 672 in [case No. CM039207]. It's $200, plus everything listed in paragraph number 3, including the $40 and $30, Madam Clerk, for a total of $850. In [case No. CM039196], it's $200 plus everything listed in paragraph number 4, including the $40 and $30, for a total of $850."

### The Abstract of Judgment

The abstract correctly sets out defendant's aggregate prison term as four years four months, consisting of three years for possession of ammunition, eight months consecutive for possession of methamphetamine, and another eight months consecutive for failure to appear. It does not reflect the trial court's oral method of calculating the aggregate term.

Among the listed fines and fees, the abstract includes: "PAY $850 PURS[UANT] TO P[ENAL] C[ODE] 672 EACH C[ASE] IN CM039196[] AND CM039207[]."

Defendant timely filed the notice of appeal. He did not obtain a certificate of probable cause.

6

## DISCUSSION

## I. Section 672 Fines

Defendant contends the section 672 fines must be stricken for two reasons: (1) The imposition of these nonmandatory fines violated the terms of the plea agreement; and (2) the fines are unauthorized because section 672 applies only to offenses for which no other fine is prescribed by statute, and section 30305 (unlawful possession of ammunition) and section 1320 (failure to appear) prescribe mandatory fines.[3]

The Attorney General replies: (1) Defendant's claim is not cognizable because he did not obtain a certificate of probable cause; (2) the claim is forfeited because defendant did not object to the fines at sentencing; and (3) in any event, the claim lacks merit because the fines are within the plea agreement's terms. The Attorney General also asserts that the court should "modify the judgment to reflect that the $200 fines for case Nos. CM039196 and CM039207 are pursuant to sections 30305, subdivision (a)(2) and 1320, subdivision (b), respectively, rather than section 672." We agree with the Attorney General that defendant forfeited his claims with regard to the section 672 fines.

"[S]ection 672 . . . was meant to provide a fine for offenses for which another statute did not impose a fine. In other words, this is a catchall provision allowing a fine to be imposed for every crime, even if the statute criminalizing the conduct did not

---

[3] Section 30305, subdivision (a)(2) provides: "A violation of this subdivision is punishable by imprisonment in a county jail not to exceed one year or in the state prison, *by a fine not to exceed one thousand dollars ($1,000)*, or by both the fine and imprisonment." (Italics added.)

Section 1320, subdivision (b) provides, in pertinent part: "Every person who is charged with or convicted of the commission of a felony who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony, and upon conviction *shall be punished by a fine not exceeding five thousand dollars ($5,000)* or by imprisonment pursuant to subdivision (h) of Section 1170, or in the county jail for not more than one year, or by both that fine and imprisonment." (Italics added.)

7

specifically authorize a fine.  The limiting provision was meant to ensure that a fine pursuant to section 672 would not be imposed if another statute authorized a fine for the offense." (*People v. Breazell* (2002) 104 Cal.App.4th 298, 304.)  Therefore, the trial court should not have imposed fines under section 672 in this case.  However, here the amount of money the court fined defendant was authorized and defendant forfeited a challenge to the fines by not objecting.  (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.)

"Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case.  Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  We agree with the Attorney General that the $200 fines imposed here did not constitute an unauthorized sentence because they could have lawfully been imposed under sections 30305, subdivision (a)(2) and 1320, subdivision (b).

The Attorney General's proposed remedy—to modify the judgment to relabel the section 672 fines as fines under sections 30302, subdivision (a)(2) and 1320, subdivision (b)—is feasible, since we can presume that the trial court would have imposed fines of $200 under those provisions, which allow for fines of up to $1,000 (§ 30305, subd. (a)(2)) and $5,000 (§ 1320, subd. (b)), respectively.  We know defendant would have pleaded because he was told he might have to pay as much as $27,000 in fines as reflected in the plea form and $27,000 times three as reflected in what the trial court told him.  Consequently, he would have entered the same pleas if he had been told the maximum base fine was $200 plus the other assessments on that fine, totaling $850 on each of the two cases (CM039196 & CM039207).

8

For the above reasons, we affirm defendant's sentence and direct the trial court to prepare an amended abstract of judgment that lists the bases for the $200 fines as pursuant to section 30305, subdivision (a)(2) and section 1320, subdivision (b), rather than section 672.

## II. Calculation of the Aggregate Sentence

Defendant contends that the trial court's method of calculating the aggregate sentence—to impose the full three-year upper terms on the subordinate terms, then "stay" all but eight months of them so as to yield the required (one-third the middle term) length of sentence on those terms—violated the formula prescribed by law. (§ 1170.1, subd. (a); *People v. Felix* (2000) 22 Cal.4th 651, 655.) We agree.

The Attorney General asserts that since the trial court arrived at the correct total, "[i]t hardly matters how the subordinate terms were calculated." However, defendant retorts that the Attorney General "fails to articulate a single reason why [defendant] should be deprived of an accurate dispositional order." The abstract of judgment correctly reflects the proper state prison sentence for the subordinate terms. We find no reason to remand the matter back to the trial court for it to correct its oral dispositional order.[4]

## III. Abstract of Judgment

The parties agree that the abstract of judgment does not accurately reflect the fines and fees imposed by the trial court. Since the court must recalculate any fines and fees it imposes, we cannot give any specific directions on this point.

---

[4] We do note that the trial court's method of calculation does not comport with Penal Code section 1170.1, subdivision (a). The proper way of imposing the subordinate term sentence is to impose "one-third of the middle term" and articulate the number of months or years that equates to one-third of the middle term. There is no stay of two-thirds of the middle term.

9

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment that deletes the reference to section 672 in item 13 as the basis for the fines imposed in case Nos. CM039196 and CM039207 and instead refers to sections 30305, subdivision (a)(2) and 1320, subdivision (b), respectively, as the proper bases for the imposed fines. The trial court shall forward a certified copy of that abstract to the Department of Corrections and Rehabilitation. Defendant's sentence is affirmed as modified.


                                                                            BUTZ            , J.


We concur:


ROBIE          , Acting P. J.


MURRAY        , J.