[Crim. No. 4268.   Third Dist.   Jan. 19, 1967.]

In re LOUIS HEEDLY on Habeas Corpus.

Louis Heedly, in pro. per., and Jerry Guthrie, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Nelson Kempsky, Deputy Attorneys General, for Respondent.

REGAN, J.—An information charged petitioner Louis Heedly with burglary of the A. G. Damico Company and with grand theft for theft of personal property from said company. A jury found petitioner guilty of burglary of the second degree and grand theft, with two prior convictions being charged and found true. The trial court imposed concurrent sentences for the two offenses.

In substance, the contention of petitioner is that the concurrent sentences inflict multiple punishment in violation of Penal Code section 654.[1]

The attorney general concedes the evidence establishes that the purpose of the burglary was to commit the theft of which petitioner was convicted; that punishment for both crimes is

---

[1]Penal Code section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ."

improper under the provisions of section 654 of the Penal Code; that the maximum punishment for grand theft is imprisonment in the state prison for not more than 10 years; that petitioner's sentence for grand theft expired at maximum on May 6, 1964; that petitioner is no longer held under the sentence for grand theft; that petitioner is presently confined solely under the sentence for burglary of the second degree; and that the maximum punishment for burglary of the second degree is imprisonment in the state prison for not more than 15 years. Thus, the attorney general concludes, the petition for writ of habeas corpus should be denied as being moot.

In *Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839], the court held: "If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one."

In *People* v. *McFarland* (1962) 58 Cal.2d 748, 762-763 [26 Cal.Rptr. 473, 376 P.2d 449], the court stated:

"With respect to the procedure to be followed on appeal where double punishment has been erroneously imposed, it should be stressed that section 654 proscribes double punishment, not double conviction; conduct giving rise to more than one offense within the meaning of the statute may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished. [Citation.] The appropriate procedure, therefore, is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned. [Citation.] It is true that there are cases which have, without qualification, reversed the 'judgment of conviction' as to the lesser count, thus apparently eliminating the effect of the judgment with respect to conviction as well as punishment. [Citations.] These cases, however, did not discuss whether the terms of section 654 are to be construed as requiring the setting aside of both conviction and punishment. The court in some of them, for example, *People* v. *Brown, supra,* 49 Cal.2d 577, 593 [320 P.2d 5], was concerned with the danger that the Adult Authority would consider the conviction of the lesser offense in fixing the punishment on the more serious crime. Such action by the Adult Authority would, of course, be improper, and nothing we have said as to the procedure to be followed should be interpreted as permitting it.

"Of the two offenses involved here, second degree burglary is the one subject to the greater punishment. (Pen. Code,

§§ 461, 489.) Accordingly, it is necessary to reverse the judgment insofar as it relates to punishment for grand theft.''

In *McFarland* the judgment was reversed insofar as it imposed a sentence for the lesser offense. In *In re Henry* (1966) 65 Cal.2d 330 [54 Cal.Rptr. 633, 420 P.2d 97], the sentence for assault with a deadly weapon, the lesser included offense therein, was ordered set aside and the Adult Authority was directed to exclude that purported sentence from its consideration in fixing that petitioner's term. (See also *In re Ponce*, 65 Cal.2d 341 [54 Cal.Rptr. 752, 420 P.2d 224].)

The case before us differs only in that the sentence for the lesser included offense (grand theft) expired at maximum. The ruling in both *McFarland* and *Henry* set aside the sentence, not the conviction.

It would serve no useful purpose to set aside a sentence already served. However, the Adult Authority is directed to exclude that purported sentence from its consideration in fixing petitioner's term. Petitioner is not entitled to release at this time, however, for he is held under the valid judgment for burglary of the second degree.

The order to show cause is discharged and the petition for a writ of habeas corpus is denied.

Pierce, P. J., concurred.

A petition for a rehearing was denied January 27, 1967, and petitioner's application for a hearing by the Supreme Court was denied March 15, 1967.