[Crim. No. 10347.   In Bank.   Mar. 15, 1967.]

In re CLAUDELL FORD on Habeas Corpus.

Claudell Ford, in pro. per., and Robert K. Patch, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Arnold O. Overoye, Deputy Attorneys General, for Respondent.

THE COURT.—We issued an order to show cause on petitioner's prima facie showing that the proscription against double punishment (Pen. Code, § 654) was violated by a burglary sentence imposed to run concurrently with sentences for robbery and kidnaping for robbery pronounced at the same time. The judgment imposing the three sentences was affirmed in *People* v. *Ford,* 133 Cal.App.2d 695 [284 P.2d 836].

The three offenses were part of one criminal transaction with the single objective of taking a safe from a restaurant. ▇▇ Petitioner was properly sentenced on both the kidnaping count and the robbery count because the People alleged and proved and the jury found that he kidnaped victims A, B, and C for the purpose of robbery (count I) as well as

184

robbing C (count II). The prohibition of section 654 against dual punishment for an act violating more than one statute does not apply when one lawless course of conduct harms more than one victim. (*People* v. *Ridley,* 63 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124] ; *Neal* v. *State of California,* 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839].)

The Attorney General concedes that the burglary sentence violated section 654. (*In re Wright,* 65 Cal.2d 650 [56 Cal. Rptr. 110, 422 P.2d 998].) Records of the Department of Corrections filed in this proceeding by the Attorney General show that in 1963 petitioner was discharged from that sentence and the sentence for robbery. The Adult Authority is directed to exclude the burglary sentence from its consideration. (*In re Heedly,* 247 Cal.App.2d 854, 856 [56 Cal.Rptr. 67].)

The order to show cause is discharged and the petition for habeas corpus is denied.