[Crim. No. 18545. Second Dist., Div. Four. Feb. 17, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH ROBERT TAYLOR, Defendant and Appellant.

## Counsel

Jack H. Mowery, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**KINGSLEY, J.**—Defendant was charged with one count of grand theft from the person of Joseph Carranco (Pen. Code, § 487, subd. 2), and one count of assault with a deadly weapon upon Nick Koleff (Pen. Code, § 245).

Defendant pled not guilty; defendant and all counsel waived jury trial. Defendant was found guilty under count I of "an attempted theft, but not of theft as charged," and he was found guilty under count II of assault with a deadly weapon. As we discuss below, the judgment did not so indicate. A motion for a new trial was denied and defendant was sentenced to county jail for six months, one day of the sentence being suspended. Defendant filed a timely notice of appeal from the judgment and sentence. The Court of Appeal affirmed and remanded ". . . . for the sole purpose of correcting the judgment to conform with the trial judge's finding that defendant is guilty of attempted grand theft on count I and of assault with a deadly weapon as charged in count II, and of pronouncing judgment and sentence in connection with count I."[1]

On the remand thus ordered, the trial court sentenced defendant to state prison for the term prescribed by law on count I. The court ordered that the sentence of six months in the county jail on count II might be served during the time defendant spent in state prison. Defendant now appeals from this latest judgment and sentence.

Nick Koleff was in a movie theater. He saw defendant sit beside a sleeping man and fumble in the man's pockets, then he heard keys drop. Defendant got up and moved to the other side of the sleeping man, and he slid down

---

[1] *People* v. *Taylor*, 2d Crim. No. 16374, filed December 22, 1969 (not published).

and put his hands in the man's pockets. Koleff tried to arouse the sleeping man, noticed a wallet on the floor, and returned to his seat. Defendant grabbed Koleff by the neck, held a knife to his neck and said, "Sona bitch jerk, this not your business. I going to tear your neck off." Koleff said he would leave him alone and defendant released him. Koleff found some policemen who arrested defendant. The police found the sleeping man's wallet on the floor and $60 in defendant's wallet. Defendant denied the crime.

## I

Defendant's first assertion is that the trial court lacked jurisdiction to pronounce a sentence on the defendant after already having given a judgment and sentence. In support of defendant's position he states the rule that if sentence has been entered in the minutes of the court, or if defendant has commenced serving the sentence, then the court is without jurisdiction to vacate, add to or in any manner modify the sentence originally pronounced. (*People* v. *Avelino* (1947) 81 Cal.App.2d 934 [185 P.2d 361].) This rule has no application to the case at bench. As defendant himself admits, the court does not lose jurisdiction to resentence when an appeal is taken, and defendant in the instant case appealed. Defendant's suggestion that he did not appeal from the first sentence in order to get a longer one, merely states his motives, without stating a legal argument, and does not aid his cause.

Furthermore, in the case at bench the Court of Appeal affirmed and remanded with the express direction that the trial court correct the sentencing error by imposing a sentence on the attempted theft under count I.[2]

---

[2]The court said: "At the conclusion of the trial, Judge Hutton found defendant guilty of 'assault with a deadly weapon as charged' in count II (§ 245, Pen. Code) and guilty of 'an attempted theft, but not of theft as charged. The People failed to prove that anything was stolen.' However, through some confusion and an obvious unfamiliarity with the record, Judge Hutton pronounced judgment and sentence only on count II (§ 245, Pen. Code) denying probation and sentencing defendant to six months in the county jail with one day suspended; no sentence was imposed on the attempted theft on count I. Further complicating the situation, the judgment erroneously states that defendant was found guilty of the crime of 'ATTEMPTED ASSAULT WITH A DEADLY WEAPON (Secs 664-245 PC), a felony, a lesser offense than that charged in Count 2 of the information but necessarily included therein.' Clearly this was a clerical error because the record expressly shows that the trial court found defendant guilty of attempted grand theft on count I and assault with a deadly weapon in violation of section 245, Penal Code, as charged in count II.

"The cause is remanded to the superior court for the sole purpose of correcting the judgment to conform with the trial judge's finding that defendant is guilty of attempted grand theft on count I and of assault with a deadly weapon as charged in count II, and of pronouncing judgment and sentence in connection with count I. In all other respects the judgment is affirmed. Affirmance of the judgment carries with it affirmance of the sentence on count II." (*People* v. *Taylor,* 2d Crim. 16374, filed December 22, 1969, pp. 9-10.)

■ In a case where the court fails to pronounce judgment with respect to counts on which convictions were validly obtained, the Court of Appeal has power to remand for the purpose of pronouncement of a judgment in accordance with the verdict. (*People* v. *Cheffen* (1969) 2 Cal.App.3d 638, 641-642 [82 Cal.Rptr. 658].) When such a mistake is discovered while defendant's appeal is pending, the appellate court should affirm the conviction and remand the case for a proper sentence. (*People* v. *Massengale* (1970) 10 Cal.App.3d 689 [89 Cal.Rptr. 237].)

■ Obviously, since the Court of Appeal has power to remand for the purpose of pronouncement of judgment for a proper sentence, it logically follows that the trial court has power to correct the error and give a proper sentence. Otherwise, the appellate court's power to remand would be a meaningless act and a mere exercise in futility.

## II

■ Defendant also asserts that the trial court, during resentencing of defendant, improperly considered extrajudicial behavior of defendant which occurred after the initial sentence. The record does not support defendant's contention. The court considered defendant's behavior only in conjunction with the setting of bail,[3] and not in connection with resentencing defendant.

## III

■ Defendant asserts that Penal Code section 654, which states that there can be but one punishment for a given crime, requires reversal of one of the two sentences. Defendant argues that where all activity has a single "intent and objective" it is subject to one punishment, even though there are multiple criminal violations involved (*People* v. *Niles* (1964) 227 Cal. App.2d 749 [39 Cal.Rptr. 11]), and that in the case at bench there was a single objective. The prohibition of section 654 against dual punishment for an act violating more than one statute does not apply when the lawless conduct harms more than one victim. (*In re Ford* (1967) 66 Cal.2d 183 [57 Cal.Rptr. 129, 424 P.2d 681].) In the case at bench the robbery was committed against one victim and the assault against another, therefore making section 654 inapplicable.

---

[3]Defendant refers to page 3, lines 20-22, and page 2, line 26, through page 3, lines 1 and 2 of the reporter's transcript. These remarks read as follows:

"THE COURT: No, I won't. I let him out on bail the last time and he committed two offenses while he was out on bail."

"THE COURT: . . . ."

"This man is a hoodlum, and he ought to be taken off the streets, and that is exactly what I intend to do with him."

## IV

■ Defendant asserts that he was placed in double jeopardy by a second resentencing hearing. The law is clear that the sentencing error may be corrected without placing defendant in double jeopardy. In *Bozza* v. *United States* (1947) 330 U.S. 160 [91 L.Ed. 818, 67 S.Ct. 645], the court erred by providing only for imprisonment where the minimum mandatory sentence required was for fine and imprisonment. The prisoner was returned to the federal detention jail and five hours later the court corrected the error by imposing fine and penalty. The Supreme Court held that the resentencing did not constitute double jeopardy, that an inadvertent error can be corrected, and that the Constitution does not require that sentencing be a game in which the wrong move by the judge means immunity for the prisoner. *Bozza* is cited with approval in *Pollard* v. *United States* (1957) 352 U.S. 354, 361 [1 L.Ed.2d 393, 399, 77 S.Ct. 481], which states that a court has power to enter sentence at a succeeding term where a void sentence has been previously imposed. *Hayes* v. *United States* (1957) 249 F.2d 516, 517-518 [102 App.D.C. 1], held that a sentence which did not conform with the applicable statute may be corrected though the defendant has not appealed from the judgment embodying the invalid sentence, has begun to serve it, and steps to correct it are not initiated by him but by the government.

The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied March 3, 1971, and appellant's petition for a hearing by the Supreme Court was denied April 14, 1971.