[Crim. No. 15915. Fourth Dist., Div. One. July 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMON BARAJAS GALLEGOS, Defendant and Appellant.

**[Opinion certified for partial publication.¹]**

---

¹Certified for publication as to section IV only.

COUNSEL

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Michael D. Wellington and Pat Zaharopoulos, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BUTLER, Acting P. J.**—Ramon Barajas Gallegos was convicted by a jury of forcible rape (Pen. Code,[2] § 261, subd. (2)), robbery (§ 211), assault with a firearm (§ 245, subd. (a)(2)), auto theft (Veh. Code, § 10851) and kidnapping for purposes of robbery (§ 209, subd. (b)). The jury found Gallegos personally used a pistol during the commission of all crimes (§ 12022.3, subd. (a) as to the rape, § 12022.5 as to the other crimes) and further found him armed and personally using a dangerous or deadly weapon for the kidnapping for robbery charge (§ 12022, subds. (a) and (b)).

The court sentenced Gallegos to life imprisonment with the possibility of parole for the kidnap for purposes of robbery to be served consecutive to a

---

[2]All statutory references are to the Penal Code unless otherwise specified.

determinate eleven-year term consisting of a six-year midterm for the rape, a three-year enhancement for the pistol use during the rape, and two years for the use of a firearm in the kidnapping for robbery (§ 669). The court imposed the midterms for the robbery and assault with a firearm and ordered them to run concurrent to the other sentence. The accompanying firearm use enhancements were also imposed and ordered to run concurrently. Execution of sentence on the auto theft was stayed under section 654 and the section 12022, subdivisions (a) and (b) enhancements were stayed under section 1170.1, subdivision (e).

Gallegos appeals his conviction claiming prejudicial instructional error and challenges the sentence imposed by the court as a result of his conviction.

I*

. . . . . . . . . . . . . . . . . . . . . .

IV

Finally, Gallegos contends the trial court had no jurisdiction to include the three-year enhancement for gun use for the rape in the section 669 sentencing scheme. Because section 669 does not specifically mention section 12022.3 as one of the enumerated code sections subject to its application, Gallegos argues the enhancement cannot be included as part of the determinate sentence to be served before his indeterminate life term and his sentence must be modified to allow three years credit to be applied to his parole eligibility. We find Gallegos' contention without merit.

Section 669 was amended in 1978 to permit a life sentence, with or without the possibility of parole, to run consecutively to any other prison term for a felony conviction. Section 669 provides in part: "Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment imposed pursuant to Sections 667.5, 1170, 1170.1, 12022, 12022.5, 12022.6 and 12022.7, *the determinate term of imprisonment* shall be *served first* and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046." (Italics added.)

Gallegos' interpretation of the absence of section 12022.3 in the statutory language of section 669 would defeat the purposes for which section 669

---

*See footnote, *ante*, page 386.

was amended. ■ The amendment served two purposes: (1) to provide an additional deterrent for defendants committing crimes for which a life term may be imposed, and (2) to serve the punitive purpose of the determinate sentencing law (DSL) by subjecting defendants guilty of multiple crimes and enhancements to additional punishment over and above that which they must serve on the life sentence crime. (*In re Monigold* (1983) 139 Cal.App.3d 485, 492 [188 Cal.Rptr. 698].) "The Legislature has clearly distinguished indeterminate life sentences and determinate sentences under Penal Code sections 1170 and 1170.1 and provides that the determinate sentence be served first under Penal Code section 669. However, there is no provision designating one term as principal and the other a subordinate term. The legislative intent to treat the term as independent is clear. Penal Code section 1168, subdivision (b), provides that the court imposing the sentence shall not fix the term or duration for a period of imprisonment. Penal Code section 669 distinguishes life terms from any determinate term of imprisonment imposed pursuant to sections 1170 and 1170.1." (*People* v. *Day* (1981) 117 Cal.App.3d 932, 936-937 [173 Cal.Rptr. 9].)

The Legislature in 1979 enacted section 12022.3 as part of a senate bill which increased sentences and enhancements for certain serious sex offenses. Section 12022.3 in pertinent part authorizes: "For each violation of Section 261, 264.1, 286, 288, 288a or 289 . . . any person shall receive an enhancement (a) of three years if such person uses a firearm . . . in the commission of such violation . . . ." Pursuant to section 1170.1, subdivision (i), any three-year term under section 12022.3 must be served fully and separately and shall not merge with any term or other enhancement. ■ While section 12022.3 has not been explicitly included in section 669's language, its inclusion in the 1170.1 sentencing scheme shows the Legislature's intent to treat it independent of indeterminate terms.

Under the DSL whenever a defendant is convicted of two or more felonies and the court decides to impose consecutive terms under sections 669 and 1170, "[t]he principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, *12022.3,* 12022.5, 12022.6, 12022.7 or 12022.8." (§ 1170.1, subd. (a), italics added.) The "section 12022-type" weapon enhancements add specifically to the particular crime to which they attach. Thus, section 12022.3 which defines a specific weapon enhancement in certain serious sex crimes attaches to the term of imprisonment imposed for the underlying sex offense. (§ 1170.1, subd. (i).) It is necessarily included in the section 1170.1 term which is explicitly listed in section 669's specification of a determinate term. Specific mention of section 12022.3 is simply not necessary for section 669's application where, as here, a life sentence is ordered to run consecutively to a determinate

sentence. The trial court properly included Gallegos' three-year 12022.3 enhancement in the determinate term to be served before his kidnap-for-robbery life sentence.

## V

In view of the foregoing, the judgment is modified by staying execution of the sentences on the robbery and assault with firearm counts and the attendant enhancements. The stay shall become permanent upon Gallegos' service of his life term. In all other respects, the judgment is affirmed.

Lewis, J., and Lester, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied October 24, 1985.

---

*Assigned by the Chairperson of the Judicial Council.