Filed 11/10/21  P. v. Torres CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>DAVID JERRY TORRES,<br><br>　　　　Plaintiff and Respondent. | E075901<br><br>(Super.Ct.No. FVI1101609)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed; remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

This is defendant and appellant David Jerry Torres's second appeal. He appeals after the trial court declined to exercise its discretion under Penal Code[1] section 12022.53, subdivision (h), to strike his firearm enhancement. On appeal, defendant argues the matter should be remanded again because the sentencing court failed to orally pronounce the sentence during the resentencing hearing and also because the court did not understand its discretion to impose a lesser included firearm enhancement. We agree that the matter must be remanded for the court to orally pronounce sentence but disagree that the court has discretion to impose a lesser uncharged firearm enhancement.

I

FACTUAL AND PROCEDURAL HISTORY

On March 10, 2017, a jury found defendant guilty of murder (§187, subd. (a)) and also found true the firearm enhancement that defendant personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The trial court sentenced defendant to state prison for 40 years to life: 15 years to life on the murder conviction and a consecutive 25 years to life for the firearm enhancement.

On December 3, 2018, this court affirmed the judgment, but ordered the matter remanded for resentencing on the firearm enhancement. We explained "[t]he sentence is vacated and the matter is remanded for resentencing to allow the trial court to exercise its

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

discretion as to whether the firearm enhancement under section 12022.53, subdivision (d), should be stricken pursuant to section 1385."

On July 26, 2019, the People filed a sentencing memorandum asserting that the firearm enhancement should not be stricken. On that same day, the sentencing court declined to exercise its discretion to strike the 25-year-to-life firearm enhancement. Specifically, the court stated, "[t]he Court believes that this is not a case that justifies striking and exercising my discretion to strike the 25-year enhancement, so that petition to do so is denied[,]" and "[f]or the record, I should indicate that I think that it was proven that Mr. Torres was indeed the actual person who did the killing—was the person who personally discharged the firearm." The court, however, did not explicitly resentence defendant after refusing to exercise its discretion to strike the firearm enhancement. Defendant appeals.

II

DISCUSSION

Defendant contends the matter should be remanded for resentencing because the trial court failed to orally pronounce the sentence and did not understand its discretion to impose a lesser included firearm enhancement. He explains that because the prior sentence had been vacated, the trial court was required to pronounce a new sentence and its failure to do so was unauthorized.

The People argue the trial court clearly indicated it was declining to exercise its discretion to strike the firearm enhancement without altering the original sentence and

3

that even if the court "should have orally pronounced the same sentence originally imposed at that juncture, remand is unnecessary as it is not reasonably probable that the court would impose a sentence any different than the sentence originally imposed."

A.    *Remand to Orally Pronounce Sentence*

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9; *People v. Mesa* (1975) 14 Cal.3d 466, 471.)  "After conviction of a felony and where probation is denied, the court must pronounce judgment upon the defendant by imposing a fine or a sentence of imprisonment.  [Citations.]  [¶]  Judgment must be pronounced orally in the presence of the defendant, and it must reflect the court's determination of the matter before it.  [Citation.]  [¶]  The pronouncement of judgment is a judicial act [citation], and is to be distinguished from the ministerial act of entering the judgment as pronounced in the minutes or records of the court.  [Citation.]" (*People v. Hartsell* (1973) 34 Cal.App.3d 8, 13, disapproved on another point in *People v. Karaman*, at p. 345, fn. 11.)

"In a case where the court fails to pronounce judgment with respect to counts on which convictions were validly obtained, the Court of Appeal has power to remand for the purpose of pronouncement of a judgment in accordance with the verdict.  [Citation.] When such a mistake is discovered while defendant's appeal is pending, the appellate court should affirm the conviction and remand the case for a proper sentence. [Citation.]" (*People v. Taylor* (1971) 15 Cal.App.3d 349, 353.)

4

Although it is not reasonably probable the sentencing court would impose a sentence any different than the sentence originally imposed if the matter were remanded, defendant has to be sentenced properly. Once the prior sentence had been vacated by this court, the sentencing court was under a mandatory duty to pronounce judgment upon him. (*Hoffman v. Superior Court* (1981) 122 Cal.App.3d 715, 723-724.) Furthermore, defendant has a right to be present when the sentencing court orally pronounces sentence. This right "'extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing. [Citation.]'" (*In re Guiomar* (2016) 5 Cal.App.5th 265, 278; see *People v. Rodriguez* (1998) 17 Cal.4th 253, 260 [defendant has a right to be present following limited remand for a section 1385 hearing to strike prior convictions], superseded by statute on other grounds as noted in *People v. James* (2001) 91 Cal.App.4th 1147, 1149; *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414, 1417 [resentencing on count previously stayed required presence of defendant].)

Accordingly, we find the matter must be remanded for the sentencing court to orally pronounce sentence.

B.     *Discretion to Impose Lesser Firearm Enhancement*

Relying on *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), defendant also contends the matter should be remanded for resentencing because the trial court did not understand the scope of its sentencing discretion to impose a lesser included uncharged firearm enhancement. We disagree.

5

Section 12022.53, subdivision (h), provides in part: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." In turn, section 1385, subdivision (a), states that a judge may, "in [the] furtherance of justice, order an action to be dismissed." Where the court has the authority to strike or dismiss an enhancement, "the court may instead strike the additional punishment for that enhancement . . . ." (§ 1385, subd. (b)(1).)

"Section 12022.53 provides three different sentence enhancements for the personal use of a firearm in the commission of enumerated offenses: a 10-year enhancement for the personal use of a firearm [citation]; a 20-year enhancement for the personal and intentional discharge of a firearm [citation]; and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death [citation]. Recently, the Legislature amended the statute to include the following: 'The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.' [Citation.]" (*People v. Yanez* (2020) 44 Cal.App.5th 452, 458 (*Yanez*), review granted Apr. 22, 2020, S260819.) The court in *Morrison*, *supra*, 34 Cal.App.5th 217, held that the amended statute provided authority for the court to strike an enhancement under section 12022.53, subdivision (d), and impose an uncharged enhancement under section 12022.53, subdivision (b) or (c). (*Morrison*, at pp. 222-223.)

6

The court in *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658, disagreed with the court in *Morrison*, noting that "[n]othing in the plain language of sections 1385 or 12022.53, subdivision (h) authorizes a trial court to substitute one enhancement for another." (*Tirado*, at p. 643.) Thereafter, this court in *Yanez*, *supra*, 44 Cal.App.5th 452, agreed with the court in *Tirado*. (*Yanez*, at p. 458.) In doing so, the panel disagreed with *Morrison* and held that section 12022.53 "does not afford any" discretion to impose a lesser firearm enhancement, and declined "to remand the matter for resentencing on the ground that the trial court has newly granted discretion to impose a lesser, uncharged enhancement." (*Yanez*, at pp. 458, 460.) This court explained, "under a plain reading, the Legislature's use of the words 'strike' or 'dismiss' indicates the court's power pursuant to these sections is binary. [Citation.]" (*Yanez*, at p. 459.) This court additionally "decline[d] to adopt an interpretation of section 12022.53, subdivision (h) which would vest the trial court with discretionary power to essentially modify a charge brought by the prosecutor despite sufficient evidence to support such a charge." (*Id*. at p. 460.)

Most recently, the court in *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772, also agreed with the court in *Tirado* "that section 12022.53, subdivision (h) does not grant a trial court the discretion to substitute lesser included firearm enhancements, at least where the greater enhancement is legally and factually valid." (*Garcia*, at pp. 790-791.) The court posited three reasons for reaching that conclusion. First, the plain language of the statute was unambiguous,

7

granting courts discretion solely to strike or dismiss a firearm enhancement. (*Id*. at p. 791.) Second, the separation of powers vested the executive branch with the exclusive power to choose which enhancements to charge. (*Id*. at pp. 791-792.) Third, where substantial evidence did not support instructing the jury on lesser included enhancements, the court could not substitute a lesser included enhancement. (*Id*. at p. 792.)

We agree with the reasoning and holdings in *Tirado*, *Yanez*, and *Garcia*. Thus, since defendant does not challenge the sufficiency of the evidence to support the section 12022.53, subdivision (d) enhancement, and the sentencing court expressly indicated the evidence supported it, the court is without authority to reduce the enhancement to a lesser uncharged firearm enhancement.

III

DISPOSITION

The conviction is affirmed. The matter is remanded for pronouncement of sentence.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:

RAMIREZ _____

P. J.

SLOUGH _____

J.

8