Filed 6/6/25  P. v. Millar CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RALPH MILLAR,<br><br>    Defendant and Appellant. | H051785<br>(Santa Cruz County<br>Super. Ct. No. 18CR05106) |

Defendant Ralph Millar pleaded no contest to 13 offenses, including two counts of attempted willful, deliberate, premeditated murder (Pen. Code,[1] §§ 664, 187), and admitted several sentence enhancement allegations, including some related to his use of a firearm.  The trial court imposed a sentence of 20 years to life.

On appeal, Millar contends this matter must be remanded because the trial court failed to pronounce judgment on the admitted enhancement allegations.  Millar further contends the trial court imposed an unauthorized sentence by staying the punishment for certain firearm enhancements.  The Attorney General agrees.

---

[1] All further unspecified statutory references are to the Penal Code.

1

For the reasons explained below, we reverse the judgment, vacate Millar's sentence, and remand for a new sentencing hearing under current law. Millar's convictions are affirmed.

## I. FACTS AND PROCEDURAL BACKGROUND

### A. *The Crimes*[2]

On August 15, 2018, a sheriff's deputy contacted Millar about an incident that occurred in June 2018, which involved Millar entering the home of his neighbor (J.M.) and her teenage daughter. From outside Millar's residence, the deputy spoke to Millar but could not get him to exit his house. Millar was angry and yelled at the deputy.

Shortly after the deputy left the area, Millar approached J.M.'s home and tried to grab her through an open window. Millar went back to his residence, and J.M. locked the doors to her home. Millar returned to J.M.'s home with a firearm. He shot at the home and forced entry. J.M. and her friend (J.W.) hid in a bathroom. Millar fired 10 to 12 rounds through the bathroom door. Two bullets struck J.M.—one hit her right shoulder and the other hit her right upper leg. Millar returned to his residence and eventually surrendered to police. The police searched Millar's residence and found a cache of weapons and magazines.

### B. *Initial Court Proceedings*

On August 17, 2018, the Santa Cruz County District Attorney initiated a prosecution by filing a criminal complaint. In June 2019, Millar waived a preliminary hearing, and the trial court held Millar to answer. In August 2019, the district attorney filed an information that included 14 counts and

---

[2] Because the facts of Millar's offenses are not germane to the claims raised in this appeal, we state the facts summarily. Further, because Millar waived a preliminary hearing, we take the facts from the probation report prepared for Millar's sentencing hearing.

special allegations/enhancements. Millar entered pleas of not guilty and not guilty by reason of insanity.

Three and one-half years later, on February 9, 2023,[3] the trial court announced an "indicated sentence of 20 years to life."

As of July 12, the parties were "unable to reach a resolution" of the case, and "[t]he [c]ourt's indicated offer remain[ed] open."

C. *Operative Charges*

On July 21, the district attorney filed a first amended information with fewer counts (i.e., 13 counts).

Later that same day, the district attorney filed the operative second amended information (information), charging Millar with 13 counts: two counts of attempted willful, deliberate, premeditated murder (§§ 664, 187, subd. (a); counts 1 [victim J.M.] & 3 [victim J.W.]), two counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 2 [victim J.M.] & 4 [victim J.W.]), shooting at an inhabited dwelling (§ 246; count 5), first degree burglary (§ 459; count 6), six counts of unlawful possession of an assault weapon (§ 30605, subd. (a); counts 7–12), and misdemeanor aggravated trespass (§ 602.5, subd. (b); count 13 [related to the June 2018 incident]).

As to counts 1 and 3, the information alleged the attempted murder was committed willfully, deliberately and with premeditation within the meaning of section 664 subdivision (a) and is a serious felony pursuant to section 664 and section 1192.7, subdivision (c).

As to counts 1 and 2, the information alleged Millar personally inflicted great bodily injury on J.M. during the commission of those offenses (§ 12022.7, subd. (a)) (GBI enhancement), causing each offense to be a serious felony (§ 1192.7, subd. (c)).

---

[3] Unless otherwise indicated, all dates were in 2023.

The information alleged several firearm enhancements for certain counts:

As to count 1, the information alleged that Millar personally and intentionally discharged a firearm, which proximately caused great bodily injury to J.M. (§ 12022.53, subd. (d)) (firearm GBI enhancement).

As to counts 1 and 3, the information alleged Millar personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) (firearm discharge enhancement).

As to counts 1 and 3, the information alleged Millar personally used a firearm (§ 12022.53, subd. (b)) (firearm use enhancement).

As to counts 2, 4, and 6, the information alleged Millar personally used a firearm (§ 12022.5, subd. (a) (section 12022.5 use enhancement), § 1192.7, subd. (c)(8)).

As for circumstances in aggravation, the information alleged: (1) "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"; (2) Millar "was armed with or used a weapon at the time of the commission of the crime"; and (3) Millar "was engaged in violent conduct that indicates a serious danger to society."

D. *Change of Plea Hearing*

On July 28, the trial court (who was not the same bench officer who had indicated the sentence in February) stated its understanding that the case would be resolved by plea. Millar confirmed his willingness to give up his right to a jury trial. The court said, "And before I go any further, the [c]ourt's indicated sentence is you're essentially going to plead to the sheet. But I've indicated the sentence would be 20 years to life. All these charges you'll be pleading to, I'll run them concurrently, meaning at the same time.

4

Is that your understanding of what we've talked about?" Millar replied, "That's my understanding, yes, sir."[4]

After Millar confirmed that he had not been threatened or promised anything other than the indicated sentence and had had enough time to talk with his lawyer, he waived various trial rights. Millar confirmed that he understood his no contest pleas allowed the court to "sentence [him] as though [he]'d been convicted." He also confirmed that his "sentence in this case will be 20 years to life" and he would be on parole for the rest of his life, should he be granted parole.

Millar pleaded no contest to count 1 (attempted premeditated murder). The trial court added, "It's further alleged that this was a serious felony within the meaning of Penal Code section 1192.7, which makes it a strike. Just say no contest to that." Millar responded, "No contest." Relatedly, the court advised Millar that "almost all of these charges you're pleading to are all strikes" and explained the future consequences of that fact. Millar said he understood the court's explanation.

Millar pleaded no contest to count 2 (assault with a deadly weapon), as well as the allegation (as stated by the trial court) that "in the commission of *this offense*, [Millar] inflicted great bodily injury, pursuant to Penal Code section 12022.7[, subdivision] (a)" (italics added).[5]

---

[4] The clerk's minute order for the change of plea hearing similarly states that the "[p]arties have reached a resolution. [¶] Defendant enter[ed] a plea[] to the sheet with a proposed sentence of 20 years to life."

[5] The trial court's reference to "this offense" when describing the GBI enhancement is unclear. As discussed *ante* (pt. I.C.), the information alleged a GBI enhancement under section 12022.7 "as to [c]ount[s] *1 and 2*" (italics added). Notwithstanding the trial court's failure to specifically mention the GBI enhancement attendant to count 1 during the plea colloquy, the clerk's minute order indicates "Admit" for that GBI enhancement. Millar made no

Millar pleaded no contest to count 3 (attempted premeditated murder), as well as the trial court's statement that "this will also be a strike, pursuant to [section] 1192.7."

Millar pleaded no contest to count 4 (assault with a deadly weapon) and count 5 (shooting at an inhabited dwelling).

The trial court next said, "Special allegation that, in the commission of *that offense*, you intentionally discharged a firearm within the meaning of Penal Code section 12022.53[, subdivision] (d); what is your plea to that?" (Italics added.) Millar responded, "No contest."[6]

Millar pleaded no contest to the firearm discharge enhancements (§ 12022.53, subd. (c)) and firearm use enhancements (§ 12022.53, subd. (b)) attendant to counts 1 and 3.

Millar pleaded no contest to count 6 (first degree burglary), as well as the attendant allegation that the offense is a violent felony (§ 667.5, subd. (c)).

Millar pleaded no contest to the section 12022.5 use enhancements attendant to counts 2, 4, and 6.

Millar pleaded no contest to counts 7 through 12 (unlawful possession of assault weapon) and count 13 (aggravated trespass).

argument in the trial court and makes no argument to this court that he did not admit the GBI enhancement attendant to count 1.

[6] The trial court's reference to "that offense" when describing this "[s]pecial allegation" is unclear. As discussed *ante* (pt. I.C.), the information alleged the firearm GBI enhancement under section 12022.53, subdivision (d) as to count 1 only (not count 5). Notwithstanding the trial court's failure to specifically identify the firearm GBI enhancement attendant to count 1 during the plea colloquy, the clerk's minute order indicates "Admit" for that firearm GBI enhancement. Millar made no argument in the trial court and makes no argument to this court that he did not admit the firearm GBI enhancement attendant to count 1.

Regarding the aggravating circumstances, the trial court said the information "alleges that you were armed with or used a weapon at the time of the commission of the offense; what is your plea to that?" Millar replied, "No contest."

After the trial court accepted Millar's pleas and admissions, the prosecutor remarked, "I don't think we specifically said the maximum exposure, but there were multiple potential life sentences, and, depending on the [section] 654 issue, my calculation was 50 years plus. Obviously, he's not getting that. But just so the record is clear."

E. *Sentencing*

On August 14, the district attorney filed a sentencing brief. The district attorney said "the People will move to this [c]ourt to sentence [Millar] to the indicated sentence of 20 years to life. The People will be asking for the life sentence to come from [c]ount 1 [a]ttempted [m]urder (willful, premeditated, and deliberate) with the 20 years from the admission to the [section] 12022.53[, subdivision] (c) gun enhancement."[7]

On August 28, the same bench officer who had taken Millar's no contest pleas held a sentencing hearing. The court approved all three aggravating circumstances alleged in the information. As for mitigation, the court said Millar "has an insignificant record of criminal conduct, considering the recency and frequency of prior crimes." The court denied probation.

---

[7] Willful, deliberate, and premeditated attempted murder is punishable by imprisonment for life with the possibility of parole. (§ 664, subd. (a).) Section 3046 requires a defendant sentenced to life in person to serve at least seven years before becoming eligible for release on parole. (§ 3046, subd. (a)(1); see *People v. Jefferson* (1999) 21 Cal.4th 86, 96–97.)

The trial court addressed the 13 counts to which Millar pleaded no contest as follows:

Count 1 (attempted premeditated murder of J.M.): The trial court "committed [Millar] to state prison for a term of 20 years to life. All other enhancement and special allegations as to that particular charge are stayed."

Count 2 (assault with a deadly weapon on J.M.): The trial court imposed "a six-year term, that will run concurrent. But that is stayed because it involves the same facts as to [c]ount [1]."

Count 3 (attempted premeditated murder of J.W.): The trial court "committed [Millar] to a term of 20 years to life, which will run concurrent to [c]ount [1]. All other enhancement and special allegations are stayed." After the trial court stated the sentence on count 3, the clerk told the court that the court needed to indicate the sentence on each allegation. The court replied, "I'll have to get back to you on those. I haven't figured that out. Perhaps [the prosecutor] can do that for us."

Count 4 (assault with a deadly weapon on J.W.): The trial court imposed "three years. That will be concurrent. But that is also stayed [under section 654] because it contains the same facts set forth in [c]ount [3]."

Count 5 (shooting at an inhabited dwelling): The trial court imposed "a five-year concurrent term."

Count 6 (first degree burglary): The trial court said, "Count [6] will be four years -- actually, eight years -- actually, four years. I'm imposing a four-year term. What's the term on first degree burg[lary]? Is it 4-6-8? [¶] [Prosecutor]: It's 2-4-6. [¶] [The court]: I want the mid-term on the [section] 459. The [c]ourt is imposing four years on [c]ount [6], to run concurrent."

Counts 7–12 (unlawful possession of assault weapon): The trial court imposed two years concurrent for each count.

8

Count 13:  The trial court said, "The [c]ourt, on its own motion, over the objection of the People, will dismiss [c]ount[] [13] and [c]ount [14]."[8]

After the trial court, inter alia, awarded Millar custody credits and imposed fines and fees, the prosecutor said, "Your Honor, I just wanted to clarify.  I do have the enhancement numbers.  My understanding, the 20 years is coming from the [section] 12022.53[, subdivision] (c) being imposed" (i.e., the firearm discharge enhancement).  The court responded, "Yes."

The prosecutor continued:  "Going in order from the counts, so it's easy enough for [m]adam [c]lerk, the GBI [enhancement] is three years, the [section] 12022.53[, subdivision] (d) [firearm GBI enhancement] is 25 years, 25 to life.  Being stayed or either reduced down to a [section 12022.53, subdivision] (c) [firearm discharge enhancement].  The [c]ourt has discretion there.  The [section] 12022.53[, subdivision] (b) [firearm use enhancement] is [10] years.  And then the special allegation of the use of a firearm, the mid-term is four years.  That's the [section] 12022.5[, subdivision] (a)."

The trial court did not impose sentences on the enhancements.  The court instead responded to the prosecutor's statement by saying "Don't leave here without making sure [the clerk] has all those."

Four days later, on September 1, the matter came before a third bench officer for clarification of the term imposed on the section 12022.5 use enhancement attendant to count 6 and the six-year term imposed on count 2. The prosecutor informed the court that Millar's "open plea" "had indicated it was 20 [years] to life" and the "[c]ount 6 enhancement needs to be stayed." The prosecutor added, "Everyone is in agreement to make sure that it is simply 20 [years] to life.  [¶]  So that is all we're asking for, is the abstract

---

[8] Contrary to the trial court's statement, the operative information did not include a 14th count.

and the record be clear that [the] [c]ount 6 . . . enhancement is stayed and not [run] concurrent." In accord with the parties' agreement, the court said: "So the personal use of a firearm, pursuant to Penal Code section 12022.5 sub[division] (a), was imposed by [the original sentencing judge], but now it's going to be stayed." The court also altered the six-year concurrent term imposed by the original sentencing judge on count 2 (for violation of section 245, subdivision (a)(1), which has a 2-3-4 triad) to a three-year midterm concurrent.

The clerk's minute order for the September 1 proceeding describes the terms of Millar's sentence on all 12 counts (after the clarifications) as follows:

| Count No. | Offense/enhancement | Term |
|---|---|---|
| 1 | §§ 664, 187, subd. (a) (victim J.M.) | 20 years to life |
| | § 12022.7, subd. (a) (GBI enhancement) | 3 years, stayed (§ 654) |
| | § 12022.53, subd. (b) (firearm use enhancement) | 10 years, stayed (§ 654) |
| | § 12022.53, subd. (c) (firearm discharge enhancement) | 20 years to life, stayed (§ 654) |
| | § 12022.53, subd. (d) (firearm GBI enhancement) | 25 years to life, stayed (§ 654) |
| 2 | § 245, subd. (a)(1) (victim J.M.) | 3 years (midterm), stayed (§ 654) |
| | § 12022.7, subd. (a) (GBI enhancement) | 3 years, stayed (§ 654) |
| | § 12022.5, subd. (a) (section 12022.5 use enhancement) | 4 years (midterm), stayed (§ 654) |
| 3 | §§ 664, 187, subd. (a) (victim J.W.) | 20 years to life, concurrent to count 1 |
| | § 12022.53, subd. (b) (firearm use enhancement) | 10 years, stayed (§ 654) |
| | § 12022.53, subd. (c)[9] (firearm discharge enhancement) | 20 years to life, stayed (§ 654) |

[9] The minute order mistakenly states the relevant Penal Code section as "12022.5." This same mistake appears in the abstract of judgment.

| 4 | § 245, subd. (a)(1) (victim J.M.) | 3 years (midterm), stayed (§ 654) |
|---|---|---|
| | § 12022.5, subd. (a) (section 12022.5 use enhancement) | 4 years (midterm), stayed (§ 654) |
| 5 | § 246 | 5 years (midterm), concurrent to count 1 |
| 6 | § 459 | 4 years (midterm), concurrent to count 1 |
| | § 12022.5, subd. (a) (section 12022.5 use enhancement) | 4 years (midterm), stayed (§ 654) |
| 7 | § 30605, subd. (a) | 2 years (midterm), concurrent to count 1 |
| 8 | § 30605, subd. (a) | 2 years (midterm), concurrent to count 1 |
| 9 | § 30605, subd. (a) | 2 years (midterm), concurrent to count 1 |
| 10 | § 30605, subd. (a) | 2 years (midterm), concurrent to count 1 |
| 11 | § 30605, subd. (a) | 2 years (midterm), concurrent to count 1 |
| 12 | § 30605, subd. (a) | 2 years (midterm), concurrent to count 1 |

Millar filed a notice of appeal "challeng[ing] the validity of the plea or admission" and obtained a certificate of probable cause.[10]

_____

[10] In this court, Millar only raises claims of error relating to his sentence. However, in his notice of appeal, he did not check the box preceding the ground for appeal that concerns "the sentence or other matters occurring after the plea that do not affect the validity of the plea." (See Judicial Council form CR-120; see also Cal. Rules of Court, rule 8.304(b).) Moreover, Millar's request for a certificate of probable cause only alleged ineffective assistance of counsel related to his acceptance of the plea bargain—it did not address his sentence.

Notwithstanding Millar's failure to assert that his sentence provided a basis for his appeal, we construe his notice of appeal to include sentencing issues and will address the merits of his claims of sentencing error. (See *People v. Johnson* (2009) 47 Cal.4th 668, 676 ["[I]f the trial court issues the certificate based on even a single nonfrivolous claim, the defendant may raise

11

## II. DISCUSSION

Millar raises two claims of error concerning his sentence.

In his first claim, Millar contends the matter must be remanded because the trial court failed to exercise its discretion and pronounce judgment on the sentence enhancements he admitted at the change of plea hearing. Millar points to discrepancies between the court's oral pronouncement and the clerk's minute order and abstract of judgment. He asserts that the "court clerk added items in the minute order that the trial court did not pronounce" and apparently consulted with the prosecutor in doing so. Millar further asserts that the "punishment for a violation of section 12022.53, subdivision (c), is a determinate 20-year term, not an indeterminate term of 20 years to life, as appears in the minute order."

In his second claim, Millar contends the trial court imposed an unauthorized sentence by staying the punishment for the section 12022.53 firearm enhancements alleged as to counts 1 and 3. He asserts: "Section 12022.53 authorizes the trial court to strike or to dismiss a firearm enhancement imposed pursuant to 12022.53. (§ 12022.53, subd. (h).) . . . For the trial court to do otherwise, is an unauthorized sentence."

Based on these errors, Millar requests a remand "for resentencing with instructions to pronounce judgment and to strike or dismiss the un-imposed firearm enhancements."

---

all of his or her claims on appeal—those that require a certificate as well as those that do not—even if they were not identified in the statement filed with the trial court."]; *People v. French* (2008) 43 Cal.4th 36, 45–46 [a certificate of probable cause is not required for an appeal challenging a postplea sentencing issue not resolved by, and as a part of, a negotiated disposition]; Cal Rules of Court, rule 8.304(b)(2)(B).)

The Attorney General has conceded Millar's claims of error and similarly requests a remand for resentencing.

A. *Legal Principles*

"A sentencing court has a duty to impose the punishment prescribed by law (§ 12), and has no discretion to deviate from the statutorily specified penalty." (*People v. Martinez* (2015) 240 Cal.App.4th 1006, 1012.)

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) "The trial court is generally required to include all aspects of a judgment in its oral pronouncement of judgment. [Citation.] Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error. [Citation.] The abstract of judgment 'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'" (*People v. Leon* (2020) 8 Cal.5th 831, 855.)

"In a case where the court fails to pronounce judgment with respect to counts on which convictions were validly obtained, the Court of Appeal has power to remand for the purpose of pronouncement of a judgment in accordance with the verdict. [Citation.] When such a mistake is discovered while defendant's appeal is pending, the appellate court should affirm the conviction and remand the case for a proper sentence." (*People v. Taylor* (1971) 15 Cal.App.3d 349, 353; see also *People v. Codinha* (2023) 92 Cal.App.5th 976, 994–995 (*Codinha*); *People v. Benton* (1979) 100 Cal.App.3d 92, 102.)

Regarding enhancements, when the case includes a conviction for both an indeterminate term and an enhancement, the trial court must pronounce judgment on the indeterminate term and then either impose the full

13

consecutive additional term for the enhancement or strike the punishment for the enhancement.  (See *People v. Felix* (2000) 22 Cal.4th 651, 655–656; §§ 1170.1, subds. (a), (d); 669, subd. (a).)

"Ordinarily, an enhancement must be either imposed or stricken 'in furtherance of justice' under . . . section 1385.  [Citations.]  The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice." (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364.)  "Rather, the only authority for staying an enhancement is California Rules of Court, rule 4.447, which applies when 'an enhancement that otherwise would have to be either imposed or stricken is barred by an overriding statutory prohibition.  In that situation—and that situation only—the trial court can and should stay the enhancement.' " (*People v. Bay* (2019) 40 Cal.App.5th 126, 139, italics omitted.)  Nevertheless, "[w]hen the base term of a sentence is stayed under section 654, the attendant enhancements must also be stayed." (*People v. Calles* (2012) 209 Cal.App.4th 1200, 1221, citing *People v. Guilford* (1984) 151 Cal.App.3d 406, 411.)

Regarding firearm enhancements, sections 12022.5 and 12022.53 provide an additional term of imprisonment for the use of a firearm in the commission or attempted commission of a crime.  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124 (*Gonzalez*).)  Section 12022.5, subdivision (a) "provides for a sentence enhancement of three, four, or 10 years for personal use of a firearm in the attempted commission of any felony." (*Ibid.*)  "Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including attempted premeditated murder:  a 10-year prison term for personal use of a firearm, even if

14

the weapon is not operable or loaded (*id.*, subd. (b)); a 20-year term if the defendant 'personally and intentionally discharges a firearm' (*id.*, subd. (c)); and a 25-years-to-life term if the intentional discharge of the firearm causes 'great bodily injury' or 'death, to any person other than an accomplice' (*id.*, subd. (d))." (*Gonzalez*, at pp. 1124–1125.)

"If a section 12022.53 enhancement is admitted or found true, the court must 'impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other [provision of] law, unless another enhancement provides for a greater penalty or a longer term of imprisonment.' [Citation.] The court may impose '[o]nly one additional term of imprisonment under this section . . . per person for each crime.' (§ 12022.53, subd. (f) . . . .) If 'more than one enhancement per person is found true under this section,' the court must impose the 'enhancement that provides the longest term of imprisonment.' "[11] (*People v. Tirado* (2022) 12 Cal.5th 688, 695 (*Tirado*).)

Our high court has construed section 12022.53, subdivision (f) to mean that "after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm

_____

[11] Section 12022.53, subdivision (f) provides in full: "Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment. An enhancement involving a firearm specified in [s]ection 12021.5, 12022, 12022.3, 12022.4, 12022.5, or 12022.55 shall not be imposed on a person in addition to an enhancement imposed pursuant to this section. An enhancement for great bodily injury as defined in [s]ection 12022.7, 12022.8, or 12022.9 shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d)."

enhancements that were found true for the same crime must be imposed and then stayed." (*Gonzalez*, *supra*, 43 Cal.4th at pp. 1122–1123.) The Supreme Court further explained that a stay in such circumstances is governed by section 12022.53, subdivision (f), rather than section 654, "which applies only to offenses punishable in different ways, not to prohibited enhancements committed in the commission of an unstayed offense." (*Gonzalez*, at p. 1123, fn. 5.)

Furthermore, the trial court may, under section 1385, strike or dismiss a firearm enhancement otherwise required to be imposed under sections 12022.5 and 12022.53. (§§ 12022.5, subd. (c), 12022.53, subd. (h); see *Tirado*, *supra*, 12 Cal.5th at pp. 695–696; *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1085–1086.)

"It is well-established in California by a long line of decisional authority . . . that a trial court's failure either (1) to pronounce sentence on a statutory sentence-enhancement allegation based upon a finding by the trier of fact or an admission by the defendant that the allegation is true, or (2) to exercise its discretion—to the extent imposition of the enhancement is discretionary—to either strike the enhancement allegation or impose the enhancement, results in an unauthorized sentence." (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432 (*Vizcarra*).)

B. *Analysis*

We agree with the parties that this matter must be remanded and decide that the trial court should conduct a full resentencing on remand.

In pronouncing Millar's sentencing, the trial court failed to expressly state the sentence for count 1 or 3. The sentences imposed by the trial court on counts 1 and 3 (attempted premeditated murder of J.M. & J.W., respectively) are unauthorized. On those counts, the court committed Millar

16

to prison for "a term of 20 years to life" and "stayed" "[a]ll other enhancement and special allegations." Notwithstanding the prosecutor's attempt to clarify that "the 20 years is coming from" the firearm discharge enhancements (§ 12022.53, subd. (c)) attendant to counts 1 and 3, the court did not pronounce the proper terms for the attempted premeditated murder offenses and the attendant firearm discharge enhancements. The only statutorily prescribed term for Millar's attempted premeditated murder convictions is "life with the possibility of parole." (§ 664, subd. (a); *People v. Robbins* (2018) 19 Cal.App.5th 660, 678.) The court could not impose a sentence of 20 years to life for attempted, premeditated murder, with or without the attendant enhancements.

It appears the trial court intended to impose a term on count 1 and 3 incorporating the 20-year firearm discharge enhancement (§ 12022.53, subd. (c)). However, the trial court failed to expressly state its treatment of the sentence enhancements attendant to counts 1 through 4 and 6, and incorrectly stated it as to counts 1 and 3. The court should have specifically addressed each enhancement attendant to each count, either by (1) striking the enhancement under section 1385, (2) imposing and staying the enhancement if the sentence on the count to which it is attached was stayed under section 654, (3) for any of the firearm enhancements not stricken, imposing the enhancement that carries the longest term of imprisonment and imposing and staying any remaining firearm enhancements that were admitted for the same offense (see *Gonzalez*, *supra*, 43 Cal.4th at pp. 1122–1123, 1130), or (4) choosing a term and running it concurrently to any base terms imposed and ordered to run concurrently. The court's failure to address each enhancement resulted in an unauthorized sentence. (See *Vizcarra*, *supra*, 236 Cal.App.4th at p. 432.)

17

Although the trial court could have properly articulated that the life term on counts 1 and 3 was to run consecutively to a determinate term of 20 years for the firearm discharge enhancement (§ 12022.53, subd. (c))—for an aggregate sentence of 20 years plus a life term with the possibility of parole—the court did not expressly state such a sentence for counts 1 and 3. Moreover, if the court had done so, that sentence seemingly would not comport with the indicated sentence of "20 years to life." "When a defendant is sentenced to both a determinate and an indeterminate sentence, the determinate sentence is served first." (*People v. Reyes* (1989) 212 Cal.App.3d 852, 856; see also *People v. Gallegos* (1985) 170 Cal.App.3d 386, 388–390 [weapon enhancement was part of determinate term and must be served prior to the indeterminate term]; *People v. Garza* (2003) 107 Cal.App.4th 1081, 1085 [citing *People v. Grimble* (1981) 116 Cal.App.3d 678, 684–685].) Application of these principles would mean that Millar would first serve the 20-year determinate term for the firearm discharge enhancement and then serve a life term of at least seven more years before he would be eligible for parole (§§ 669, subd. (a), 3046, subd. (a)(1)). Such a sentence does not appear to accord with the intended sentence.

Moreover, the clerk's sentencing minute order characterizes (incorrectly) the terms on Millar's attempted premeditated murder convictions (counts 1 & 3) as "20 years to life" and lists the attendant firearm discharge enhancements as "stayed: 20 [years] to life." (Boldface & capitalization omitted.) Similarly, the abstract of judgment for the indeterminate portion of Millar's sentence states the terms for his attempted premeditated murder convictions as 20 years to life and lists the attendant firearm discharge enhancements as stayed (instead of life with the possibility of parole consecutive to 20 years).

Given the numerous sentencing errors that occurred at Millar's sentencing hearing, we vacate Millar's sentence entirely and remand for a full resentencing under current law.  (See *Codinha, supra*, 92 Cal.App.5th at p. 994; see also *People v. Irvin* (1991) 230 Cal.App.3d 180, 192.)

### III.  DISPOSITION

The judgment is reversed, Millar's sentence is vacated, and the matter is remanded for a new sentencing hearing under current law.  Millar's convictions are affirmed.

_____
Danner, Acting P. J.

WE CONCUR:

_____
Wilson, J.

_____
Bromberg, J.

**H051785**
***People v. Millar***