**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUTHER G. JAMISON,

           Petitioner - Appellant,

   v.

R. K. WONG,

           Respondent - Appellee.

No. 10-17040

D.C. No. 4:08-cv-05601-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    California state prisoner Luther G. Jamison appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jamison challenges the Board of Parole Hearings' 2007 decision denying him parole. He contends that he is being held beyond his release date of July 22, 2006, in violation of his federal due process rights. The state court's rejection of this claim is not contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The statute on which Jamison relies applies only to certain felonies committed prior to 1977, and Jamison was convicted in 1983. *See* Cal. Penal Code § 1170.2(a). Furthermore, even if he had committed his offense prior to 1977, the California Supreme Court has held that a sentence like Jamison's for a term of years to life is not subject to the Determinate Sentencing Act, *see People v. Felix*, 995 P.2d 186, 191 (Cal. 2000), and we are bound by that interpretation of state law, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam).

To the extent Jamison contends he was denied an opportunity to be heard, this contention is without merit because the record reflects that Jamison received all the process he was due. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011).

We construe Jamison's remaining arguments, including his argument that the state court unreasonably determined the facts, and that the district court improperly denied his motion for appointment of counsel and his motion to reconsider, as a motion to expand the certificate of appealability. So construed, the

motion is denied.  *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**