Filed 4/14/21  P. v. Wadkins CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>WAYNE ELDON WADKINS,<br><br>        Defendant and Appellant. | F079116<br><br>(Super. Ct. No. VCF055940-00)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.  (Retired Judge of the Tulare Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# BACKGROUND

In 2000, defendant Wayne Eldon Wadkins was charged with two counts of committing a lewd or lascivious act upon a child under 14 years of age (Pen. Code,[1] § 288, subd. (a) [counts 1 & 2]). As to both counts, the information alleged he was convicted in 1992 of committing a lewd or lascivious act upon a child under 14 years of age, a qualifying "strike" offense under the Three Strikes law (§ 1170.12, subd. (c)(2)(A)) and a serious felony (§ 667, subd. (a)(1)); was convicted in 1992 of a second count of committing a lewd or lascivious act upon a child under 14 years of age and continuous sexual abuse of a child, two more qualifying "strike" offenses (§ 1170.12, subd. (c)(2)(A)); and previously served a prison term (§ 667.5, subd. (b)). The information further alleged defendant was subject to the habitual sexual offender statute (§ 667.71) as well as enhanced punishment under sections 667.51, subdivision (a), and 667.6, subdivision (a). Following a trial, he was found guilty as charged and all special allegations were found true. Defendant received an aggregate sentence of 155 years to life: 25 years to life, tripled pursuant to the Three Strikes law, plus five years for the prior serious felony enhancement, on count 1; and a consecutive 25 years to life, tripled pursuant to the Three Strikes law, on count 2.

On January 29, 2019, defendant filed a pro. per. petition for recall of sentence under section 1170.91. He stated he received "an indeterminate term of life imprisonment" in 2000 and was "currently serving a draconian sentence of 155 years to life." The petition further specified:

> "[Defendant] was a military Air-[F]orce man when he was 21 years old, and while he was making a delivery of a [b]omb to a storage area on the way back to the barracks he suffered a motorc[y]cle accident, was transported to the hospital where he spent 2 weeks, which caused him to suffer severe and permanent personal injuries, including severe trauma pain

---

[1] Subsequent statutory citations refer to the Penal Code.

and [i]njury to his [h]ead, with a stiff neck injured with headaches for life."
(Boldface omitted.)

The court summarily denied the recall petition. On appeal, defendant contends the petition "met the facial requirements for a hearing" under section 1170.91 and the court "erred in denying it before appointing counsel to represent [him]" and holding a public hearing. (Boldface & capitalization omitted.) We affirm.

## DISCUSSION

"When the Legislature first enacted section 1170.91, effective January 1, 2015, it contained a single paragraph creating a requirement that a sentencing court consider mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate term under section 1170, subdivision (b)." (*People v. King* (2020) 52 Cal.App.5th 783, 788 (*King*).) The statute provided:

> "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of [s]ection 1170. This consideration does not preclude the court from considering similar trauma, injury, substance abuse, or mental health problems due to other causes, as evidence or factors in mitigation." (Former § 1170.91, now § 1170.91, subd. (a).)

"In 2018, the Legislature amended section 1170.91 to provide relief for former or current members of the military who were sentenced before January 1, 2015, and did not have their mental health and substance abuse problems considered as factors in mitigation during sentencing. [Citation.]" (*King*, *supra*, 52 Cal.App.5th at p. 788.) Section 1170.91, subdivision (b)(1) provides:

> "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall

3.

of sentence, before the trial court entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B) The person was sentenced prior to January 1, 2015. This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."

Section 1170.91, subdivision (b)(3) provides:

"Upon receiving a petition under this subdivision, the court shall determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing."

Assuming, arguendo, the trial court should have appointed an attorney to represent defendant and held a public hearing, the court's failure to do so did not prejudice defendant. It is not "reasonably probable that [defendant] would have obtained a more favorable result" had the court done so. (*King*, *supra*, 52 Cal.App.5th at p. 790.)

"The plain language of [section 1170.91] is clear. A petitioner meeting section 1170.91[,] subdivision (b)(1)'s requirements may obtain 'resentencing pursuant to subdivision (a).' [Citations.] In turn, subdivision (a) of the statute provides that the trial court shall consider mitigating factors related to the defendant's military service 'when imposing a term under subdivision (b) of [s]ection 1170.' [Citation.] In other words, section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b). [Citation.]" (*People v. Estrada* (2020) 58 Cal.App.5th 839, 842-843, italics omitted; see *King*, *supra*, 52 Cal.App.5th at p. 788 [§ 1170, subd. (b) "describes the trial court's exercise of sentencing discretion to choose an upper, middle or lower

determinate term based on factors in mitigation and aggravation"].)  Defendant explicitly acknowledges in his petition that his sentence is indeterminate.  The record demonstrates defendant received an aggregate sentence of 155 years to life.  Both straight life sentences and sentences of some number of years to life are indeterminate sentences not subject to the Determinate Sentencing Act, section 1170 et seq.  (See *People v. Felix* (2000) 22 Cal.4th 651, 657-659.)  Section 1168, subdivision (b) governs indeterminate sentencing.  (*People v. Felix*, *supra*, at p. 655.)  "Had the Legislature intended for section 1170.91 to apply to indeterminate terms imposed under section 1168, subdivision (b), it would not have specifically limited the statute's application to terms imposed under section 1170, subdivision (b)."  (*People v. Estrada*, *supra*, 58 Cal.App.5th at p. 843.)

Since defendant would have been ineligible for relief under section 1170.91, the court's purported error was not prejudicial.  Defendant has not established reversible error.

## DISPOSITION

The order denying defendant's petition for recall of sentence is affirmed.

DETJEN, Acting P.J.

WE CONCUR:

SNAUFFER, J.

DE SANTOS, J.

5.