Filed 2/10/22  P. v. Mason CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>SHAVOUGUE ANTOINE MASON,<br><br>      Defendant and Appellant. | H047454<br>(Monterey County<br>Super. Ct. No. SS033582) |

Defendant Shavougue Antoine Mason was convicted by a jury in 2005 of, among other things, three counts of murder after driving drunk and killing a man, a woman, and their unborn child.  He was sentenced to an indeterminate term of 45 years to life in prison.  Determinate sentences on other counts were imposed and stayed.  Defendant petitioned for resentencing under Penal Code section 1170.91, which allows current and former members of the United States military to seek resentencing if they are convicted of certain felonies and suffer from mental health or substance abuse issues related to their military service.  The trial court denied the petition, determining that the statute does not apply to indeterminate sentences and that the mitigating evidence defendant submitted did not justify a lower stayed determinate sentence.  Defendant argues the trial court erred in concluding that indeterminate sentences are statutorily excluded from resentencing under Penal Code section 1170.91; that the statute violates equal protection if it permits resentencing of determinate sentences but not indeterminate sentences; and

that his counsel was ineffective for not explaining to the trial court the extent of its discretion under the full resentencing rule.  Finding no prejudicial error, we will affirm.

## I.     TRIAL COURT PROCEEDINGS

According to the factual summary in an unpublished opinion from another panel of this court affirming defendant's convictions (case No. H028624), defendant was speeding in a residential neighborhood while intoxicated.  He drove through a stop sign, crashed into a car, and killed its two adult occupants and their unborn child.  Two children riding in the car defendant hit were injured but survived.  Defendant fled the scene.

A jury convicted defendant of three counts of murder (Pen. Code, § 187); two counts of vehicular manslaughter with gross negligence while intoxicated (Pen. Code, § 191.5, subd. (a)), enhanced for fleeing the scene (Veh. Code, § 20001, subd. (c)); two counts of vehicular manslaughter with gross negligence (Pen. Code, § 192, subd. (c)(1)), including flight enhancements (Veh. Code, § 20001, subd. (c)); driving under the influence of alcohol causing injury (Veh. Code, § 21353, subd. (a)), enhanced for personally inflicting great bodily injury on the two adult victims (Pen. Code, § 12022.7, subd. (a)); and driving with a blood alcohol level of 0.08 percent or higher causing injury (Veh. Code, § 21353, subd. (b)), also enhanced for personally inflicting great bodily injury on the two adult victims (Pen. Code, § 12022.7, subd. (a)).  (Unspecified references are to the Penal Code.)  The jury found defendant did not inflict great bodily injury on the unborn child as to the last two counts.

Defendant was sentenced to an indeterminate term of 45 years to life in prison for the three murder counts.  The parties stipulated to set aside the verdicts for the two vehicular manslaughter with gross negligence counts (§ 192, subd. (c)(1)), as lesser included offenses of other conviction offenses.  The trial court imposed and stayed (§ 654) determinate terms for the remaining counts and enhancements.  The remaining counts with determinate terms all were sentencing triad felonies.  (See § 1170, subd. (b).)

2

On direct appeal from the judgment, a different panel of this court in 2007 struck the driving under the influence causing injury count (because it was a lesser included offense of vehicular manslaughter while intoxicated), and affirmed the judgment as modified.[1]

Representing himself, defendant petitioned for resentencing under section 1170.91. Defendant later retained counsel, who filed a supplemental brief in support of defendant's petition for resentencing. The brief contends defendant "served in the military and is suffering from PTSD and Substance Abuse issues that are attributed to his service and contributed to the crime in this case." Supporting documentation included a recent evaluation by a clinical psychologist opining that defendant incurred trauma during military service rising to the level of PTSD and that the PTSD "likely contributed to the development of an Alcohol Use Disorder which, at the time of the accident, directly contributed to the accident's cause."

The trial court held a hearing on defendant's petition in 2019. The court found that the statute's plain language limits its application to determinate sentences and refused to consider service-related mitigation for defendant's indeterminate sentence. As to the stayed determinate sentences, the prosecutor argued that even considering the mitigation offered by defendant "this is still an extremely aggravated case," noting

---

[1] After this court's 2007 opinion, an amended abstract of judgment for the determinate portion of defendant's sentence was filed striking the driving under the influence causing injury count. The amended abstract of judgment appears to contain several errors relating to the stayed determine sentence. First, the abstract retains the great bodily injury enhancements for the stricken driving under the influence causing injury count (Veh. Code, § 23153, subd. (a)). Second, although the abstract notes that all determinate terms were stayed under section 654 such that there is no actual prison time associated with them, the abstract includes a total determinate time of 33 years 8 months. Third, the abstract records the consecutive sentence for count 9 (Veh. Code, § 23153, subd. (b)) as one-third the middle term, but also shows what appears to be the full upper term for that offense. The parties agree defendant's actual sentence consists solely of the 45 years to life indeterminate term. Therefore, because the apparent errors carry no practical consequence, in the interest of judicial economy we merely note them here without ordering the preparation of a corrected abstract.

3

defendant killed the "parents of two small children, they died in front of those two children, as well as the death of an unborn child," and defendant fled the scene. The prosecutor also pointed to defendant's earlier "DUI that was pled down to a wet []reckless." Defense counsel emphasized defendant's PTSD from serving as a medic in the military, and argued the experience likely contributed to defendant panicking and fleeing the scene of the crash. The trial court concluded that "even taking into account mitigating circumstances, the aggravating circumstances here far outweigh those mitigating circumstances." The court noted that defendant had been advised after a prior conviction that if he drove under the influence and someone was killed. he could be charged with murder; and despite that advisement defendant chose to drive drunk, leading to three deaths and great bodily injury.

## II.   DISCUSSION

### A. SECTION 1170.91 DOES NOT APPLY TO INDETERMINATE SENTENCES

Defendant argues the "plain language of section 1170.91, subdivision (b), invites petitions for recall and reconsideration of sentences from all eligible veterans without regard to the nature of their sentences."

Section 1170.91, subdivision (a) provides:  "If the [sentencing] court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."  Section 1170, subdivision (b)(1) provides in relevant part that when a "statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  Section 1170.91, subdivision (b) allows a military veteran serving a sentence "who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or

4

mental health problems as a result of his or her military service" to petition for a recall of sentence and resentencing under section 1170.91, subdivision (a). To obtain resentencing, the veteran must show that the service-related mental health issue was not considered as a mitigating factor at the time of sentencing, and that the veteran was sentenced before 2015. (§ 1170.91, subd. (b)(1)(A), (b)(1)(B).)

*People v. Estrada* (2020) 58 Cal.App.5th 839 (*Estrada*) considered and rejected an argument identical to defendant's. Estrada pleaded no contest to murder and was sentenced to an indeterminate term. (*Id.* at p. 841.) He petitioned for resentencing under section 1170.91, which the trial court denied because Estrada was serving an indeterminate term. The *Estrada* court noted that the resentencing petition process in section 1170.91, subdivision (b) states that veterans may obtain " 'resentencing pursuant to subdivision (a)' " of section 1170.91, and that subdivision (a) of the statute "provides that the trial court shall consider mitigating factors related to the defendant's military service '*when imposing a term under subdivision (b) of Section 1170*.' " (*Estrada*, at pp. 842–843.) "Section 1170, subdivision (b), describes the sentencing court's discretion to choose an aggravated, middle, or lower *determinate* term based on its consideration of mitigating and aggravating factors." (*Estrada*, at p. 843; italics added.) From the foregoing, the *Estrada* court concluded that section 1170.91 applies only to determinate terms imposed under section 1170, subdivision (b). The court noted that had the "Legislature intended for section 1170.91 to apply to indeterminate terms imposed under section 1168, subdivision (b), it would not have specifically limited the statute's application to terms imposed under section 1170, subdivision (b)." (*Estrada*, at p. 843; accord *People v. Stewart* (2021) 66 Cal.App.5th 416 [finding no section 1170.91 resentencing eligibility for defendant sentenced under the Three Strikes Law].)

We agree with the reasoning of *Estrada*, and conclude the plain language of section 1170.91 precludes individuals, like defendant, who are serving indeterminate

5

terms from obtaining resentencing under that statute for any indeterminate portion of their sentence.[2]

## B. SECTION 1170.91 DOES NOT VIOLATE EQUAL PROTECTION

Defendant contends that if section 1170.91 does not allow veterans serving indeterminate sentences to petition for resentencing, it violates the equal protection clauses of the federal and California Constitutions. Defendant argues that section 1170.91 treats two similarly situated groups of veteran-inmates in an unequal manner: those serving indeterminate sentences, and those serving determinate sentences that a trial court selected from a sentencing triad after considering mitigating and aggravating factors (i.e., sentences imposed under section 1170, subdivision (b)). Defendant asserts that a strict scrutiny standard applies because the "classification denies him access to a procedure designed to provide leniency" and therefore implicates his "fundamental interest in liberty." But a defendant does not have a fundamental interest in a specific term of imprisonment (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838), and the "Legislature is vested with broad discretion in the classification of punishments." (*People v. Ward* (2005) 36 Cal.4th 186, 217.) Because the classification defendant identifies does not involve a suspect class or other interest that might warrant higher scrutiny, the strict scrutiny standard does not apply. (*People v. Wilkinson*, at p. 838.) We therefore review the legislation for rational basis, which requires only that the statutory classification be rationally related to a legitimate government purpose. (*Id.* at p. 836.)

Though section 1170.91 does not explicitly list crimes that are ineligible for relief, by specifically limiting its reach to crimes sentenced under section 1170, subdivision (b) it implicitly excludes crimes punished with indeterminate sentences. By limiting relief to determinate sentences, the Legislature excluded from resentencing individuals convicted

---

[2] Because we conclude the statute's plain language resolves the issue defendant raises, the Attorney General's motion requesting judicial notice of legislative history materials is denied as unnecessary.

of the most serious crimes.  (See *People v. Felix* (2000) 22 Cal.4th 651, 657 ["indeterminate sentences are generally reserved for more serious crimes than those subject to determinate sentences"].)  The government has a legitimate interest in ensuring that individuals who commit the most serious crimes serve commensurate sentences. Excluding those individuals from resentencing under section 1170.91 is consistent with that legitimate government interest.  Section 1170.91 therefore does not violate equal protection by differentiating between those serving indeterminate sentences and those sentenced under the determinate statutory scheme.

### C.  INEFFECTIVE ASSISTANCE OF COUNSEL AND THE FULL RESENTENCING RULE

Defendant argues the trial court misunderstood the scope of its discretion under the full resentencing rule to reconsider the entire sentence when it applied section 1170.91 to the determinate portion of defendant's sentence.  (Citing *People v. Buycks* (2018) 5 Cal.5th 857 (*Buycks*).)  He alternatively argues his counsel provided ineffective assistance for not articulating that argument.  Defendant's counsel did not raise the issue in the trial court; the only reference to *Buycks* and the full resentencing rule was in a handwritten letter defendant filed while represented by counsel.  Because counsel did not make the argument defendant now asserts on appeal, we will review the issue for ineffective assistance.  To establish ineffectiveness infringing on the right to counsel under the Sixth Amendment to the United States Constitution, a defendant must show both that counsel's performance was deficient and a prejudicial effect of the deficiency.  (*People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.)  To prove prejudice, a defendant must affirmatively show a reasonable probability that, but for counsel's errors, the result would have been different.  (*Id.* at pp. 217–218.)  We "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." (*Strickland v. Washington* (1984) 466 U.S. 668, 697.)

In *Buycks*, the Supreme Court explained that when a trial court recalls a sentence under section 1170, subdivision (d), "the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*Buycks*, *supra*, 5 Cal.5th at p. 893.) The *Buycks* court named that concept the " 'full resentencing rule.' " (*Ibid.*) The Attorney General agrees that under the reasoning of *Buycks* "the superior court's reconsideration of [defendant's] determinate terms conferred upon it the discretion to reconsider his indeterminate sentencing as well." But the Attorney General argues defendant cannot demonstrate prejudice because the trial court's statements in denying defendant's determinate resentencing show it would not have reduced his indeterminate sentence even if it were aware of its discretion to do so.

We agree that defendant has not demonstrated prejudice on this record. As we have discussed, section 1170.91 does not apply to indeterminate sentences. The trial court therefore had no duty to consider defendant's service-related mental health issues in relation to his indeterminate sentence. And in denying resentencing on defendant's stayed determinate sentence, the trial court concluded that even considering defendant's service-related mental health issues, the "aggravating circumstances here far outweigh those mitigating circumstances." Defendant does not challenge that decision as to his determinate sentence, and provides no persuasive argument as to why the trial court would not have applied the same reasoning to his *indeterminate* sentence. Defendant asserts the trial court's statements about his determinate sentencing are irrelevant to what the trial court might have decided about defendant's indeterminate sentence because everyone "below understood that what the trial court did with respect to the determinate sentences did not really matter" given that all determinate sentences were stayed. But in light of the trial court's decision that defendant was not entitled to resentencing for even his stayed counts, we see no reasonable probability the trial court would have nonetheless found the mitigating evidence sufficient to reduce the indeterminate sentence that defendant is actually serving.

8

## III.    DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H047454 -** *The People v. Mason*