Filed 11/14/24  P. v. James CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MICHAEL TAVARIS JAMES,<br><br>  Defendant and Appellant. | F087165<br><br>(Super. Ct. No. SC083736B)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and John W. Powell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P. J., Franson, J. and DeSantos, J.

Michael Tavaris James was originally convicted in 2002 in count 1 of conspiracy to commit murder (Pen. Code, § 182, subd. (a)(1)[1] and in count 2 of attempted murder with premeditation and deliberation (§§ 664/187, subd. (a)). James was sentenced to 25 years to life with the possibility of parole on count 1 and 15 years to life on count 2. The trial court also imposed two one-year priors (§ 667.5, subd. (b)), staying one of the terms. Two appeals followed.

In James's first appeal, in an unpublished opinion, this court remanded the case back to the trial court with directions to hold a hearing on James's *Marsden*[2] motion and, if the motion was denied, to correct James's sentence on count 2 to life with the possibility of parole in place of the incorrectly imposed sentence of 15 years to life, and to strike one of the prior prison term enhancements. (*People v. James* (Nov. 14, 2003, F040735) [nonpub. opn.] 2003 WL 22683401, at *15.)

James again appealed his conviction, arguing that the trial court erred when it denied his requests for independent counsel to assist him in the *Marsden* hearing. In an unpublished opinion, this Court affirmed the judgment but agreed that the trial court erred in failing to prepare an amended abstract of judgment as previously ordered, with the correct sentence for count 2. (*People v. James* (Feb. 9, 2005, F045343) [nonpub. opn.] 2005 WL 294384, *4 (*James II*).)[3] It appears that an amended abstract of judgment reflecting the corrected sentence was filed on November 2, 2004, which was after James filed his opening brief in his second appeal on August 8, 2004, but before this court's subsequent opinion addressing that issue on February 9, 2005.

---

[1]     All further statutory references are to the Penal Code.

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

[3]     On this court's own motion, we take judicial notice of the prior opinion in *James II*, pursuant to Evidence Code sections 452, subd. (d) and 459.

On March 22, 2023, James filed a petition for resentencing under section 1172.6, and a separate petition for resentencing pursuant to section 1172.75.[4]

At the start of a hearing on October 27, 2023, James moved to proceed in propria persona, which the trial court granted. After considering James's petition for resentencing under section 1172.6, the trial court found that James had failed to establish a prima facie basis for relief and denied the petition.

On October 30, 2023, a hearing was held on James's petition for resentencing under section 1172.75. The trial court agreed to dismiss the one-year prison prior term enhancement pursuant to section 1172.75. The trial court declined James's request to designate count 2 as the punishable offense and stay punishment on count 1 pursuant to section 654. In pronouncing sentence, the court stated it was "going to sentence [James] as originally sentenced," which was to a prison term of 25 years to life on count 1 and 15 years to life on count 2, stayed pursuant to section 654.

On appeal here, James contends the trial court erred again in imposing a term of 15 years to life for his attempted murder conviction (count 2), a sentence we deemed incorrect in James's first appeal.

Respondent contends, as do we for reasons that we will explain, that the trial court did not have jurisdiction under section 1172.75 to resentence James on October 30, 2023. We therefore reverse the trial court's void sentencing order, which also negates the incorrect sentence on count 2.

## STATEMENT OF FACTS

The following facts are taken from this court's unpublished opinion in James's second direct appeal.

> "Christopher Davis's adopted 'little brother' was arrested for the murder of Tommy Welch. James and his co-defendant, Manuel Shotwell,

---

[4] The actual petition for resentencing pursuant to section 1172.75 is not in the record.

subsequently lured Davis onto the front porch of his home, where Shotwell shot Davis multiple times. Davis survived after receiving trauma treatment at Kern Medical Center. James and Shotwell were arrested in Las Vegas, driving a car that had belonged to Welch." (*James II*, *supra*, F045343.)

## DISCUSSION

*Did the trial court err when it imposed a term of 15 years to life on count 2?*

The instant appeal follows the trial court's rulings on James's combined petitions filed under sections 1172.6 and 1172.75. The court denied James's request for recall and resentencing under section 1172.6. It granted James's section 1172.75 petition as far as striking the one-year section 667.5, subdivision (b) penalty enhancement, but denied his request for the punishment for count 1 to be stayed pursuant to the newly amended section 654, which no longer required a stay of the lesser punishment. The trial court then proceeded to sentence James to 25 years to life on count 1 with a term of 15 years to life on count 2, stayed pursuant to section 654.

James's argument on appeal is that the trial court erred in the same manner as it had in his first direct appeal, by imposing a term of 15 years to life instead of a term of life with the possibility of parole on count 2. "The punishment for attempted premeditated murder is a prison term 'for life with the possibility of parole.' (§ 664, subd. (a).)" (*People v. Felix* (2000) 22 Cal.4th 651, 657.)

Respondent contends that the trial court lacked jurisdiction to provide any relief under section 1172.75 which, in essence, negates the incorrect sentence imposed on count 2. We agree.

Section 1172.75, subdivision (a) provides, in relevant part, that any sentence enhancement imposed under section 667.5, subdivision (b) before January 1, 2020, except for an enhancement imposed for a prior conviction for a sexually violent offense, is legally invalid. The statute also establishes a specific "mechanism to provide affected defendants a remedy for those legally invalid enhancements." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).) Section 1172.75, subdivision (b) directs the

Secretary of the Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator to, within statutorily prescribed timelines, identify persons in their custody who are serving a term of judgment that includes an enhancement subject to the statute, and to "provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) "Upon receiving the information described in subdivision (b)," the court shall review the judgment and recall and resentence the defendant if it determines the judgment includes a sentence enhancement subject to section 1172.75. (§ 1172.75, subd. (c).)

In *Burgess*, the court held that section 1172.75 "simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Burgess*, *supra*, 86 Cal.App.5th at p. 384.) Rather, "any review and verification by the court in advance of resentencing is *only* triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant." (*Ibid.*, italics added.) As such, the *Burgess* court held that the trial court "lacked jurisdiction to adjudicate [the defendant's] motion for resentencing .…" (*Id.* at p. 382.)

Other courts, including ours, have taken the same view as *Burgess*. (See, e.g., *People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["We begin by acknowledging that section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement"]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447–448 [same]; *People v. Newell* (2023) 93 Cal.App.5th 265, 268 [" '[S]ection 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion' "].)

Here, the record does not indicate the CDCR provided the trial court with any information required under section 1172.75, which would have triggered resentencing

5.

relief under that statute. Nor does James point us to anything that indicates the CDCR was involved in the resentencing process. Rather, the record shows James himself initiated the process for resentencing. This is not authorized under section 1172.75. (See *Burgess*, *supra*, 86 Cal.App.5th at p. 384; *People v. Cota*, *supra*, 97 Cal.App.5th at p. 332; *People v. Escobedo*, *supra*, 95 Cal.App.5th at pp. 447–448; *People v. Newell*, *supra*, 93 Cal.App.5th at p. 268.)

We conclude that the trial court therefore lacked fundamental jurisdiction and had no authority to adjudicate James's motion for resentencing under section 1172.75. (See *Burgess*, *supra*, 86 Cal.App.5th at p. 382; see also *People v. Ford* (2015) 61 Cal.4th 282, 286 ["A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case"].) We therefore vacate the trial court's resentencing order as void. (See *People v. Boyd* (2024) 103 Cal.App.5th 56, 71 [where a court lacks fundamental jurisdiction, its order is void and not simply voidable]; *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 [courts have "inherent power to vacate void orders"].)

In his reply brief, James argues that the trial court had jurisdiction to rule on his section 1172.75 motion because it was filed after the statutory deadline had expired for the CDCR to initiate proceedings. As provided in section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).) The statute further directs the CDCR to provide notice to sentencing courts of any inmates it determines to be eligible for relief. The notice from the CDCR must be provided to courts by March 1, 2022, as to individuals who have served their base term and any other enhancements and are currently serving a sentence based on the section 667.5, subdivision (b) enhancement, and by July 1, 2022, as to all other eligible individuals. (§ 1172.75, subds. (b)(1), (2).)

6.

James contends that, since the statute did not expressly provide for a " 'backup' " mechanism for relief if the CDCR fails to provide notice to the trial court of an inmate's eligibility before the expiration of the applicable deadline, he should be allowed to do so on his own motion. We disagree. However, nothing in our opinion should be construed as prohibiting James from obtaining relief under section 1172.75 if he is properly identified by the CDCR as required by subdivision (b) of that statute, or from seeking relief by writ of habeas corpus if the CDCR failed to take action within the statutorily mandated timeline.

## DISPOSITION

The trial court's October 30, 2023 order and abstract of judgment dated October 31, 2023, are vacated.