Filed 2/18/25  P. v. James CA5
Opinion following rehearing

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL TAVARIS JAMES,<br><br>Defendant and Appellant. | F087165<br><br>(Super. Ct. No. SC083736B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and John W. Powell, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]    Before Franson, Acting P. J., Snauffer J. and DeSantos, J.

`1

-ooOoo-

Michael Tavaris James was originally convicted in 2002 in count 1 of conspiracy to commit murder (Pen. Code, § 182, subd. (a)(1)[1] and in count 2 of attempted murder with premeditation and deliberation (§§ 664/187, subd. (a)).  James was sentenced to 25 years to life with the possibility of parole on count 1 and 15 years to life on count 2. The trial court also imposed two one-year priors (§ 667.5, subd. (b)), staying one of the terms.  Two appeals followed.

In James's first appeal, in an unpublished opinion, this court remanded the case back to the trial court with directions to hold a hearing on James's *Marsden*[2] motion and, if the motion was denied, to correct James's sentence on count 2 to life with the possibility of parole in place of the incorrectly imposed sentence of 15 years to life, and to strike one of the prior prison term enhancements.  (*People v. James* (Nov. 14, 2003, F040735) [nonpub. opn.])

James again appealed his conviction, arguing that the trial court erred when it denied his requests for independent counsel to assist him in the *Marsden* hearing.  In an unpublished opinion, this Court affirmed the judgment but agreed that the trial court erred in failing to prepare an amended abstract of judgment as previously ordered, with the correct sentence for count 2.  (*People v. James* (Feb. 9, 2005, F045343) [nonpub. opn.] (*James II*).)[3]  It appears that an amended abstract of judgment reflecting the corrected sentence was filed on November 2, 2004, which was after James filed his opening brief in his second appeal on August 8, 2004, but before this court's subsequent opinion addressing that issue on February 9, 2005.

---

[1]     All further statutory references are to the Penal Code.

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

[3]     On this court's own motion, we take judicial notice of the prior opinion in *James II*, pursuant to Evidence Code sections 452, subdivision (d) and 459.

On March 22, 2023, James filed a petition for resentencing under section 1172.6, and a separate petition for resentencing pursuant to section 1172.75.[4]

At the start of a hearing on October 27, 2023, James moved to proceed in propria persona, which the trial court granted. After considering James's petition for resentencing under section 1172.6, the trial court found that James had failed to establish a prima facie basis for relief and denied the petition.

On October 30, 2023, a hearing was held on James's petition for resentencing under section 1172.75. The trial court agreed to dismiss the one-year prison prior term enhancement pursuant to section 1172.75. The trial court declined James's request to designate count 2 as the punishable offense and stay punishment on count 1 pursuant to section 654. In pronouncing sentence, the court stated it was "going to sentence [James] as originally sentenced," which was to a prison term of 25 years to life on count 1 and 15 years to life on count 2, stayed pursuant to section 654.

On appeal here, James contends the trial court erred again in imposing a term of 15 years to life for his attempted murder conviction (count 2), a sentence we deemed incorrect in James's first appeal. We filed an opinion on November 14, 2024, stating that the court did not have jurisdiction under section 1172.75 to resentence James on October 30, 2024. Appellant filed a petition for rehearing and request for judicial notice on November 26, 2024.[5] On December 12, 2024, we vacated our original opinion and asked for supplemental briefing from respondent. In supplemental briefing, respondent agrees with James that the trial court should have imposed a term of life with the possibility of parole on his attempted murder conviction (count 2).

---

**4** The actual petition for resentencing pursuant to section 1172.75 is not in the record.

**5** Appellant's request for judicial notice filed on November 26, 2024, is granted.

3.

We agree with the parties and remand for resentencing consistent with our opinion.  In all other respects, we affirm.

## STATEMENT OF FACTS

The following facts are taken from this court's unpublished opinion in James's second direct appeal.

> "Christopher Davis's adopted 'little brother' was arrested for the murder of Tommy Welch.  James and his co-defendant, Manuel Shotwell, subsequently lured Davis onto the front porch of his home, where Shotwell shot Davis multiple times.  Davis survived after receiving trauma treatment at Kern Medical Center.  James and Shotwell were arrested in Las Vegas, driving a car that had belonged to Welch."  (*James II*, *supra*, F045343.)

## DISCUSSION

### *Did the trial court err when it imposed a term of 15 years to life on count 2?*

The instant appeal follows the trial court's rulings on James's combined petitions filed under sections 1172.6 and 1172.75.  The court denied James's request for recall and resentencing under section 1172.6.  It granted James's section 1172.75 petition as far as striking the one-year section 667.5, subdivision (b) penalty enhancement, but denied his request for the punishment for count 1 to be stayed pursuant to the newly amended section 654, which no longer required a stay of the lesser punishment.  The trial court then proceeded to sentence James to 25 years to life on count 1 with a term of 15 years to life on count 2, stayed pursuant to section 654.

James's argument on appeal is that the trial court erred in the same manner as it had in his first direct appeal, by imposing a term of 15 years to life instead of a term of life with the possibility of parole on count 2.  "The punishment for attempted premeditated murder is a prison term 'for life with the possibility of parole.'  (§ 664, subd. (a).)"  (*People v. Felix* (2000) 22 Cal.4th 651, 657; see also *People v. Jefferson* (1999) 21 Cal.4th 86, 90 ["attempted premeditated murder is punishable by life

4.

imprisonment with the possibility of parole, … an indeterminate prison term"].)
Respondent agrees. As do we.

## DISPOSITION

We remand and order the trial court to correct the abstract of judgment to reflect a sentence of life with the possibility of parole on count 2, attempted murder, stayed pursuant to section 654. In all other respects, the judgment is affirmed.