Filed 8/25/25  P. v. Lazo CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO LAZO,<br><br>    Defendant and Appellant. | B340628<br><br>(Los Angeles County<br>Super. Ct. No. VA144673) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Remanded with directions.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

After various appeals and sentencing hearings, on August 2, 2024, the trial court sentenced defendant Alejandro Lazo to 25 years to life for one count of first degree murder (Pen. Code,[2] § 187, subd. (a); count 1), nine consecutive terms of seven years to life for nine counts of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664; counts 3, 6, 7, 9, 10, 11, 13, 15, and 17), and a further consecutive term of five years imprisonment for one count of carjacking (§ 215, subd. (a); count 12).  The court also credited Lazo with 2,652 days of actual custody already served.

Lazo's appeal identifies two errors in the sentence imposed by the court.  The People rightly concede both of those errors.  First, the trial court should have sentenced Lazo to life in prison with the possibility of parole on each of his attempted murder convictions instead of seven years to life on those counts.  (E.g., § 664, subd. (a) [punishment for "attempted . . . willful, deliberate, and premeditated murder" is "imprisonment in the state prison for life with the possibility of parole"]; *People v. Felix* (2000) 22 Cal.4th 651, 657.)[3]  Second, the trial court's calculation

---

[1] See California Standards of Judicial Administration section 8.1(1).

[2] Unspecified statutory references are to the Penal Code.

[3] A defendant sentenced to life in prison with the possibility of parole becomes eligible for parole after serving seven years.  (§ 3046, subd. (a)(1).)  Nevertheless, the correct sentence to be imposed remains life with the possibility of parole. (*People v. Wong* (2018) 27 Cal.App.5th 972, 977-978, fn. 4 [although they are common shorthand, references to seven years to life in sentencing where statutory term is life with the

2

of Lazo's actual custody credits was one day short.  Lazo was initially arrested on April 29, 2017; by the time of his resentencing on August 2, 2024, he was entitled to 2,653 days of actual credit rather than the 2,652 days the court ordered.

The unauthorized sentence imposed here is nonforfeitable error that we must correct regardless of any failure to object before the trial court or any prior judicial reference to statutory sentencing ranges.  (See, e.g., *In re G.C.* (2020) 8 Cal.5th 1119, 1130; *People v. Scott* (1994) 9 Cal.4th 331, 354.)  Both parties agree, and we concur, that we should direct the trial court to correct these errors in the abstract of judgment.

---

possibility of parole are "incorrect because [they] indicate[] a minimum term exists, rather than a minimum parole eligibility" and the minimum parole eligibility "is not part of the sentence that is pronounced"].)

**DISPOSITION**

The matter is remanded for the trial court to correct the judgment to (1) reflect a sentence of life imprisonment with the possibility of parole on the attempted murder convictions (counts 3, 6, 7, 9, 10, 11, 13, 15, and 17), and (2) recalculate Lazo's custody credits to reflect his actual days of presentence custody credit as of the date of the corrected judgment. The judgment is otherwise affirmed. The clerk is to prepare a corrected abstract of judgment reflecting these modifications and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

4